Opinion by
 

 Baldrige, J.,
 

 The plaintiff, Hyman Mamlin, brought suit in assumpsit before a magistrate against “Mr. and Mrs. Richard Tener.” Judgment was obtained and a transcript of the record was filed in the municipal court. About 18 months thereafter the plaintiff caused to be issued an attachment sur judgment in which the City of Philadelphia Police Beneficiary Association was summoned as garnishee. Interrogatories were filed and the garnishee’s answer thereto admitted it had funds payable to Mary T. Tener. A rule for judgment against the garnishee was made absolute. Mary T. Tener filed a motion in the municipal court to strike off the judgment and to dissolve the attachment. This motion was denied. Hence this appeal.
 

 The magistrate’s record shows a service of the summons as follows: “Served by leaving a true and attested copy of the original summons at the dwelling house of the defendant, with adult member of the family, and informing them of the within writ.” This service does not show that the writ was legally served on Mary T. Tener and we cannot assume that it was.
 

 Under the Act of July 9, 1901, §1, P. L. 614, 12 PS §291, it is provided, inter alia, that the writ in a personal action may be served upon an individual: “(a) By handing a true and attested copy thereof to him personally; or, (b) By handing a true and attested copy thereof to an adult member of his family, at his dwelling house.” If the defendants had been considered as two individuals each should have been served with a “true and attested copy” of the summons, but in this instance only one attested copy was left at the dwelling house of “the defendant.” The defendants are not described in the record as husband and wife. Mrs. Richard Tener may possibly be the mother of Mr. Richard Tener. We think this was clearly an illegal service as to this appellant, and as she never appeared before the
 
 *595
 
 magistrate she was never in court. The plaintiff, therefore, did not obtain a valid judgment against her.
 

 In
 
 Doerr v. Graybill,
 
 24 Pa. Superior Ct. 321, suit was brought before the alderman against “George Gray-bill and wife.” A judgment was obtained and a transcript of the record was filed in the court of common pleas. Later a paper was filed in that court, signed by the alderman, certifying that the judgment entered in favor of Mrs. Regina Doerr was against “George Gray-bill and Mary Graybill (his wife).” An attachment execution was thereafter issued in the court of common pleas against “George Graybill and wife (who is Mary Graybill), Defendants.” Mary Graybill thereupon moved to have the attachment dissolved on the ground that there was no judgment to sustain it. It was held that the alderman’s attempt to amend the record in the court of common pleas to correct the defect could not prevail. In the course of the opinion we stated that when a party is sued in a wrong name, but appears and defends on the merits, the record may be amended by substituting his correct name, but as Mary Graybill was not sued by any name and did not appear to the action there was nothing to authorize a judgment against her; that if she could have been brought in as a defendant in any stage of the case it could only have been before the alderman.
 

 In this ease if the plaintiff desired to move to amend the record he should have made his application to the magistrate not the municipal court. See Act of May 12, 1887, P. L. 96, §1, 42 PS §672.
 

 An attachment may be issued only in satisfaction of a judgment: Act of June 16,1836, §35, P. L. 755,12 PS §2265. As this judgment was a nullity it follows that the attachment must fall.
 

 Our attention is called to the case of
 
 Pomeroy’s, Inc., v. Lavine,
 
 17 District & County Reports 161, wherein the defendant was sued as “Mrs. Harry Lavine.” In
 
 *596
 
 that ease,
 
 however, the record
 
 shows that the defendant appeared with her counsel at a hearing before the aider-man, and did not take advantage of the fact that she was not properly named. In the instant case, as above noted, the defendant did not appear before the magistrate.
 

 The plaintiff further contends that the defendant is barred by delay, having waited nearly four years from the entry of the judgment and three years from the time of the issue of the attachment to raise the present question. Laches cannot be invoked here as the magistrate was without jurisdiction over the person of Mary T. Tener. There never was a valid judgment against her. Furthermore the attachment was never served upon her; it was returned “N. H. as to all Defts.” It is never too late to attack a judgment for want of jurisdiction of either the subject matter or the person for a fatal deficiency appearing on the face of the record:
 
 Mintz v. Mintz,
 
 83 Pa. Superior Ct. 85, 89. Where there is no jurisdiction there is no authority to pronouce judgment:
 
 Simpson’s Estate,
 
 253 Pa. 217, 225, 98 A. 35. “A defect which totally invalidates the writ or the service thereof may be taken advantage of at any time, and is not waived by delay.” 21 R. C. L. 1323, §71.
 

 In the argument before this court the appellant, through her counsel, stated that she asked only to have the attachment dissolved. We will therefore enter a decree accordingly.
 

 The decree of the court below discharging the rule to dissolve the attachment is reversed at appellee’s costs.