## Vichosky v. Boucher, Appellant.

Argued April 13, 1948. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*Eugene C. Sloan,* for appellant.

*Jesse E. Hutson,* with him *Adams & Hutson,* for appellee.

OPINION BY HIRT, J., July 23, 1948:

Plaintiff brought an action in assumpsit before a Justice of the Peace and recovered a judgment against the defendant for $298. To get a lien against defendant's land, a transcript of the judgment was filed of record in the prothonotary's office on November 14, 1941. Plaintiff issued scire facias on October 14, 1946 to revive the lien of the judgment. Defendant, in his affidavit of defense to the writ, averred that the judgment is void and that its invalidity appears on the face of the transcript. The affidavit of defense in effect is a motion to strike off the judgment. The lower court entered judgment for plaintiff in the present proceeding, on a rule for judgment for want of a sufficient affidavit of defense to the sci. fa. The judgment will be reversed.

Where no appeal or certiorari has been taken from a judgment of a Justice of the Peace the defenses, on scire facias to revive in the common pleas, are specific

and few. *Dowling v. McGregor,* 91 Pa. 410. In general the validity of the judgment cannot be questioned collaterally if the justice had jurisdiction of the subject matter. In any case, the only redress open to a defendant, *for mere irregularities in procedure* before the Justice of the Peace, is by certiorari. And a defendant who has acquiesced in procedural irregularities by his failure to bring certiorari cannot successfully interpose that defense in an action to revive the lien of the judgment entered in the common pleas. *McDonald v. Simcox,* 98 Pa. 619; *Sloan v. McKinstry,* 18 Pa. 120. But there is a distinction between a judgment which because of procedural irregularities, is voidable merely and one which is void *ab initio.* The justice must have jurisdiction of the subject matter, and of the person of the defendant as well, to enter a valid judgment and for want of jurisdiction the judgment may be attacked at any time. "It is never too late to attack a judgment for want of jurisdiction of either the subject matter or the person for a fatal deficiency appearing on the face of the record: Mintz v. Mintz, 83 Pa. Superior Ct. 85, 89. Where there is no jurisdiction there is no authority to pronounce judgment: Simpson's Estate, 253 Pa. 217, 225, 98 A. 35": *Mamlin v. Tener,* 146 Pa. Superior Ct. 593, 23 A. 2d 90. Cf. *Moskowitz's Registration Case,* 329 Pa. 183, 191, 196 A. 498; *Romberger v. Romberger,* 290 Pa. 454, 139 A. 159.

In this case the transcript shows on its face that the judgment was entered by the Justice of the Peace against the defendant, on September 20, 1941. This date, as appears from the transcript, was one day *before* the defendant had any notice by service (albeit improper)[1] of

---

[1] The transcript shows that the summons was issued by the justice on *Sunday,* September 14, 1941, and was served on the defendant on *Sunday,* September 21, 1941. See Act of 1705, 1 Sm. L. 25, §4, 44 PS 1; *Stern's Appeal,* 64 Pa. 447; *Rheem v. Carlisle Deposit Bank,* 76 Pa. 132, Cf. *McKee v. McKee,* 14 Pa. 231, 237 and the thorough discussion of the law relating to Sunday as a *dies non juridicus* by Judge BRAHAM in *New Castle v. Casacchia,* 58 D. & C. 184.

the summons upon him. This in itself was a denial of due process, which invalidates the judgment. In discussing the principle that judicial process is indispensable to jurisdiction, it is well said in *Spoturno v. Woods*, (Del.) 192 A. 689, 693: "Due process of law means law in accordance with fundamental principles of justice, and its essence is notice and an opportunity to be heard *before* judgment." (Emphasis added.) Cf. *Grannis v. Ordean*, 234 U. S. 385, 394, 34 S. Ct. 779; Restatement, Judgments, §6, Comment a. This rule of law has expression also in *Komara's Estate*, 311 Pa. 135, 166 A. 577, in this language: " 'But the conclusive character of a judgment or decree depends not only upon the statutory grant of jurisdiction to the court pronouncing it, but upon actual jurisdiction over the persons whose rights are the subject of investigation. Unless the court has the parties before it, by appearance or service of process, it is obvious that it cannot bind them by its adjudications.' "

The justice did not have the defendant before him by service of process or otherwise when the judgment was entered. The judgment therefore is void.

Reversed, and the judgment is stricken off.