## Godlesky v. McDonald

*Kenneth L. Snow*, for plaintiff.

*John L. Wilson* and *Charles E. Dillan*, for original defendants.

*Galbreath, Braham & Gregg*, for additional defendant.

BRAHAM, P. J. (fifty-third judicial district, specially presiding), October 15, 1954.—The present proceeding involves the right of a wife to sue her husband. The case began originally as the suit of John C.

Godlesky and Mary J. Godlesky, his wife, v. Robert W. McDonald, trading as McDonald Plumbing and Heating Company and Clarence R. Schaney. Defendant Schaney filed a counterclaim and defendants McDonald and Schaney brought in John C. Godlesky, the driver of the car in which Mary Godlesky was riding, as an additional defendant. Thereupon defendants McDonald and Schaney asked for a severance of the action of Mary Godlesky. The severance was granted but the cases were all tried together.

The trial resulted in a verdict for Schaney and against Godlesky in the amount of $750 and a verdict for Mary Godlesky and against her husband John Godlesky in the amount of $500.

Upon the award of a verdict to John Godlesky's wife and against him his attorneys asked and were allowed to withdraw as attorneys for Mary Godlesky and other counsel now represent her. Because the attorneys for John Godlesky represented both him and his wife at trial no point for binding instructions was presented by John Godlesky against the claim of Mary Godlesky.

At trial the practice, said to prevail in Butler County, of trying all the cases together even after severance of the wife's action, was adhered to. This course now seems to have been unwise. It would have been better to try Mary Godlesky's case separately.

Now the attorney for John Godlesky presents a motion to declare the verdict of Mary against her husband John Godlesky nil. No precedent for this particular procedure is called to our attention. However, it is well established that a wife may not sue her husband in tort. Plaintiff has raised no objection to the granting of the pending motion. The Act of June 3, 1893, P. L. 344, sec. 3, as amended, 48 PS §111, is both declaratory and enabling, declaratory

of the common-law inability of a wife to sue her husband, and enabling her to sue him in some circumstances. The section is as follows:

"Hereafter a married woman may sue and be sued civilly, in all respects, and in any form of action, and with the same effect and results and consequences, as an unmarried person; but she may not sue her husband, except in a proceeding for divorce, or in a proceeding to protect and recover her separate property; nor may he sue her, except in a proceeding for divorce, or in a proceeding to protect or recover his separate property; nor may she be arrested or imprisoned for her torts.": Acts of June 8, 1893, P. L. 344, sec. 3; March 27, 1913, P. L. 14, sec. 1.

Although it is still the law that the wife cannot recover from her husband in trespass nevertheless the husband as an additional defendant brought in by original defendant may be found to be a joint or concurrent tortfeasor where negligent conduct has been a factor in the wife's injury and thus may be liable in contribution to the other tortfeasor: Fisher v. Diehl, 156 Pa. Superior Ct. 476. The basis of the rule forbidding the wife to sue the husband is a rule of public policy. The law seeks to promote harmony between husband and wife and recognizes that a suit for negligence may disrupt that harmony: Kaczorowski v. Kalkosinski, Admr., 321 Pa. 438, 444: Koontz v. Messer et al., 320 Pa. 487, 493.

A verdict has been rendered in favor of the wife and against defendant husband in these peculiar circumstances, but the original defendant was not found liable and there is no one to demand contribution from the huband. There is on the record only the verdict of a wife against her husband.

This verdict is in a type of case as to which the court has no jurisdiction. In Mintz v. Mintz, 83 Pa. Superior Ct. 85, a divorce was secured on the ground

of insanity. The divorce was stricken off two years later for the reason that the court lacked jurisdiction to enter it, insanity not being a cause of divorce. The court must have jurisdiction both of parties and subject matter. Lacking either, the judgment of the court is without foundation and will be stricken off at any stage of the proceedings: Vichosky v. Boucher, 162 Pa. Superior Ct. 598.

In the case at bar the court lacked jurisdiction to entertain the wife's suit in trespass against her husband and lacks jurisdiction to enter judgment in the verdict. "It is never too late to attack a judgment or decree for want of jurisdiction": Moskowitz's Registration Case, 329 Pa. 183, 191.

Entertaining these views we make the following

### Order

Now, October 15, 1954, the verdict in this case in favor of Mary Godlesky and against John Godlesky is hereby stricken off and the case is dismissed.