617 A.2d 1323

**MERITOR MORTGAGE CORP.—EAST**

v.

**Emma B. HENDERSON and Occupants**

**Appeal of: Claude HENDERSON.**

Superior Court of Pennsylvania.

Argued Aug. 13, 1992.

Filed Dec. 24, 1992.

340.

Paul A. Brooks, Philadelphia, for appellant.

Gary E. McCafferty, Philadelphia, for appellee.

Before CAVANAUGH, WIEAND and McEWEN, JJ.

WIEAND, Judge:

The issue in this appeal is whether the failure to give notice of foreclosure proceedings to an heir in possession of real estate mortgaged by a predecessor in title, now deceased, can be raised in defense of an action in ejectment to recover possession by the mortgagee who purchased the real estate at sheriff's sale. The trial court deemed the heir's defense a

collateral attack on the foreclosure action and disallowed the defense. Therefore, it entered summary judgment in favor of the mortgagee-purchaser. After careful review, we reverse.

In 1982, Emma B. Henderson executed a mortgage on premises 614 North Moss Street, Philadelphia, in favor of Pennsylvania Savings Fund Society, the predecessor in interest of Meritor Mortgage Corporation East (Meritor). Mrs. Henderson died intestate in August, 1988, but it appears that no estate was ever raised. Following her death, Claude Henderson, a son, moved into and occupied the residence. He made several payments on the mortgage, which were accepted by Meritor, but eventually the mortgage went into default. Henderson asserts that he notified Meritor that his mother had died, that he was an heir and that he had taken possession of the property.

Foreclosure proceedings were instituted in September, 1989. Meritor instructed the sheriff to serve Emma B. Henderson, the mortgagor, at her last known address. Pursuant thereto, the sheriff delivered a copy of the complaint to a niece, who lived elsewhere than in the mortgaged premises. The sheriff noted on the return of service that Emma B. Henderson was deceased. Service was not made on Claude Henderson, the heir in possession of the premises, and it does not appear that service was made upon any resident of the mortgaged premises or that the premises were posted. When no answer was filed to the complaint, Meritor caused a default judgment to be entered in the action of mortgage foreclosure; and, in January, 1990, Meritor purchased the property at sheriff's sale. The present action in ejectment was then brought against Claude Henderson when he refused to vacate the premises.

The service attempted by Meritor in the action of mortgage foreclosure was defective. It failed to comply with Pa.R.C.P. 410(b)(1), which provides as follows:

If in an action involving an interest in real property the relief sought is possession or mortgage foreclosure, original process also shall be served upon any person not named as a

party who is found in possession of the property. The sheriff shall note the service in the return.

As we have observed, the complaint in the action of mortgage foreclosure was not made on the party in possession of the property. This defect prevented the court from acquiring jurisdiction to act in the foreclosure proceedings. It was not corrected or rendered harmless by the fact that Meritor had previously sent to the mortgagor, at the mortgaged premises, a notice that it intended to commence a foreclosure action.

Pa.R.C.P. 1144(a)(2) directs also that "plaintiff shall name as defendants the personal representative, heir or devisee of a deceased mortgager, if known." Whether Meritor had knowledge that the mortgagor was deceased and that appellant was an heir may be an issue of fact for future resolution. For purposes of reviewing the entry of summary judgment, however, we accept appellant's assertion, confirmed by affidavit, that he made several mortgage payments personally and that he notified Meritor that his mother was deceased, that he was an heir, and that he was living in the mortgaged property. *Grimes v. Prudential Ins. Co. of America*, 401 Pa.Super. 245, 248, 585 A.2d 29, 31 (1991) (on motion for summary judgment, dispute in evidence must be resolved against moving party).

On the present state of the record there is no explanation for Meritor's failure to serve its complaint in mortgage foreclosure in the manner required by the Rules of Civil Procedure. These rules are intended to guarantee the most fundamental due process consideration which holds that a party is entitled to notice and an opportunity to be heard.[1]

1. In *Noetzel v. Glasgow, Inc.*, 338 Pa.Super. 458, 469, 487 A.2d 1372, 1377 (1985), *cert. denied*, 475 U.S. 1109, 106 S.Ct. 1517, 89 L.Ed.2d 915 (1986), the Superior Court said:

Notice, the most basic requirement of due process, must "be reasonably calculated to inform interested parties of the pending action, and the information necessary to provide an opportunity to present objections. The form of the notice required depends on what is reasonable, considering the interests at stake and the burdens of providing notice." *Pennsylvania Coal Mining Association v. Insurance Department*, 471 Pa. 437, 452–453, 370 A.2d 685, 692–693 (1977). See also: *Mullane v. Central Hanover Bank and Trust Co.*, 339 U.S. 306, 314–315, 70 S.Ct. 652, 657, 94 L.Ed. 865, 873 (1950); *Stateside Machinery Co. v. Alperin*, 591 F.2d 234, 241 (3d Cir.1979); *Celane v. Common-*

■ There remains to be considered the trial court's belief that the failure to make adequate service in the action of mortgage foreclosure could not be raised collaterally in the action of ejectment. In *Vichosky v. Boucher*, 162 Pa.Super. 598, 60 A.2d 381 (1948), a judgment had been entered against the defendant by a magistrate before the defendant received notice by service of the summons against him. When the plaintiff commenced proceedings to revive the judgment, the defendant responded that the original judgment was void and that its invalidity was apparent on the face of the magistrate's transcript. In holding the original judgment void, the Court said:

> This in itself [the lack of notice to the defendant] was a denial of due process, which invalidates the judgment. In discussing the principle that judicial process is indispensable to jurisdiction, it is well said in *Spoturno v. Woods*, 8 W.W.Harr., Del., 378, 192 A. 689, 693: [ (1937) ] "Due process of law means law in accordance with the fundamental principles of justice, and its essence is notice and an opportunity to be heard before judgment." (Emphasis added.). . . . This rule of law has expression also *In re Komara's Estates*, 311 Pa. 135, 166 A. 577, 579, [ (1933) ] in this language: "But the conclusive character of a judgment or decree depends not only upon the statutory grant of jurisdiction to the court pronouncing it, *but upon actual jurisdiction over the persons whose rights are the subject of the investigation. Unless the court has the parties before it, by appearance or service of process, it is obvious that it cannot bind them by its adjudications.*"

*Id.* at 601, 60 A.2d at 382 (emphasis added). See also: *In re Galli's Estate*, 340 Pa. 561, 570, 17 A.2d 899, 903 (1941) ("notice was indispensably necessary to give jurisdiction, and, without such notice and an opportunity to appellant to be heard, the decrees of the court were absolutely void."); *Brokans v. Melnick*, 391 Pa.Super. 21, 27, 569 A.2d 1373, 1376 (1989), *allocatur denied*, 526 Pa. 626, 584 A.2d 310 (1990)

*wealth, Insurance Commissioner,* 51 Pa.Cmwlth. 633, 635, 415 A.2d 130, 132 (1980).

(collateral attack on decree permitted "since a void decree can be attacked at any time, in any court."); *Green Ridge Bank v. Edwards*, 247 Pa.Super. 231, 239–240, 372 A.2d 23, 26–27 (1977) (citing rule set forth in *Vichosky* ); *Mancine v. Concord–Liberty Savings & Loan Assoc.*, 299 Pa.Super. 260, 276 n. 9, 445 A.2d 744, 752 n. 9 (1982) (Price, J., concurring) ("where the purpose of the proceedings is to obtain a judgment affecting interests in things, notice in some form must be given to the persons whose interests are affected, and they must be given an opportunity to protect their interests. Otherwise the judgment is *void* as to such persons." (citing Restatement, Judgments, § 6, Comment g)); Cf. *Commonwealth, Department of Public Welfare v. Alessi*, 119 Pa. Cmwlth. 160, 164 n. 3, 546 A.2d 157, 159 n. 3 (1988), *allocatur denied*, 524 Pa. 623, 571 A.2d 385 (1989) (where trial court directed that DPW pay for commitment of patient but DPW had not been party to underlying proceedings, DPW was denied "due process which requires at a minimum adequate notice and an opportunity to be heard before a judgment is reached").

If adequate notice of the foreclosure action was not given, the court lacked jurisdiction to enter judgment. "It is never too late to attack a judgment for want of jurisdiction of either the subject matter or the person...." *Vichosky v. Boucher, supra* 162 Pa.Super. at 600, 60 A.2d at 382, citing *Mintz v. Mintz*, 83 Pa.Super. 85, 89 (1924). "When there is no jurisdiction there is no authority to pronounce judgment." *Vichosky v. Boucher, supra* 162 Pa.Super. at 600, 60 A.2d at 382, quoting *Mamlin v. Tener*, 146 Pa.Super. 593, 596, 23 A.2d 90, 92 (1941). See: *Simpson's Estate*, 253 Pa. 217, 225, 98 A. 35, 38 (1916).

The appellant has alleged and has filed affidavits to support his defense that the mortgage foreclosure judgment was void for lack of jurisdiction. If this is correct, then the judgment entered in the mortgage foreclosure action can be attacked collaterally in the mortgagee's action in ejectment to recover possession of the mortgaged premises from an heir who, with permission from the remaining heirs, was and remains in

possession of the mortgaged premises. When the trial court held that such a defense could not be raised in the ejectment action, it committed legal error.

The decision of the Superior Court in *Roberts v. Gibson*, 214 Pa.Super. 220, 251 A.2d 799 (1969), does not support the summary judgment entered by the trial court. The Court there held that a default judgment entered on a complaint which was not self-sufficient was voidable only and could not be made the basis for a collateral attack on the judgment. The Court conceded, however, that a judgment which is void for lack of jurisdiction is not governed by the same rule but, on the contrary, may be raised at any time.

Judgment reversed; case remanded for further proceedings. Jurisdiction is not retained.

CAVANAUGH, J., concurs in the result.