## Aurora Loan Services, LLC v. D'Ambrosio

*Sheetal Shah-Jani,* for plaintiff.
*Phillip D. Berger,* for defendant.

PANEPINTO, *J.,* February 23, 2011—Plaintiff, Aurora Loan Services, LLC, appeals this court's order of November 19, 2010, which denied plaintiff's petition for correction of defective execution pursuant to Rule 3135(b) and for supplement relief in aid of execution pursuant to Pa.R.C.P. 3118, in an action by plaintiff to foreclose on a defaulted mortgage.

## PROCEDURAL AND FACTUAL BACKGROUND

This matter stems from a mortgage foreclosure action filed by plaintiff on December 22, 2008. Plaintiff filed a praecipe for entry of default against defendant on

November 18, 2009 in the amount of $63,925.32. Plaintiff filed a writ of execution on January 11, 2010. The property was sold in a sheriff's sale to plaintiff on April 6, 2010 in the amount of $40,000.00.

On August 31, 2010, plaintiff filed its petition for correction of defective execution pursuant to Rule 3135(b) and for supplement relief in aid of execution pursuant to Pa.R.C.P. 3118. In its petition, plaintiff admits that it did not provide Brown Bark with notice of the sheriff's sale pursuant to Pa.R.C.P. 3129.1-2 (petition at ¶ 9). Plaintiff also admits that Brown Bark's judgment was recorded on March 12, 2009 at Docket No. 090102485 (petition at ¶8). Despite this, plaintiff alleged that it was unaware of Brown Bark's lien on the property (petition at ¶10). The sheriff's sale was allegedly advertised in a newspaper of general circulation and the property was posted with a handbill in accordance with Pa.R.C.P. 3129.1-2 (petition at ¶11). Plaintiff alleged that Brown Bark would not have bid on the property anyway, even if proper notice was provided before the sale took place (petition at ¶13).

Brown Bark filed a reply to the petition on September 15, 2010. Importantly, Brown Bark denied ¶13 of the petition that Brown Bark would not have bid on the property even if it had been given notice of the sale. (reply to petition ¶13). In response to ¶10 of the petition, which alleged plaintiff performed a reasonable search to ascertain liens on the property, Brown Bark brought to the court's attention that plaintiff provided no evidence of such a reasonable search (reply to petition ¶10).

The petition was denied by this court in a November 19, 2010 order, which was docketed November 22, 2010. Plaintiff filed this appeal to the Superior Court on December 20, 2010. Plaintiff also filed a motion for

reconsideration on December 21, 2010 of this court's November 19, 2010 order. Brown Bark filed a reply in opposition to the motion for reconsideration on December 21, 2010. This court denied the motion for reconsideration in a December 22, 2010 order, docketed December 23, 2010.

On December 23, 2010, this court entered an order directing plaintiff to file a concise statement of errors complained of on appeal. On January 11, 2011, plaintiff filed its concise statement of errors.

## ALLEGATIONS OF ERROR

On December 23, 2010, this court entered an order directing plaintiff to file a Rule 1925(b) statement no later than 21 days after the entry of the order. Plaintiff filed a Rule 1925(b) statement pursuant to this court's order on January 11, 2011. Plaintiff has raised the following issues on appeal:

1.   The trial court committed an error of law and abused its discretion in declining to confirm the sheriff's sale conducted on April 6, 2010 and divest Brown Bark III, L.P. of its purported interest in the property located at 1536 South 28th Street, Philadelphia, Pa. (the 28th Street Property) pursuant to Pa. R.C.P. 3118.

2.   The trial court erred in failing to schedule an evidentiary hearing.

3.   The trial court failed to consider recently acquired information, which created equitable grounds for granting plaintiff's motion as follows:

(a)     Brown Bark, III, Ltd. ("Brown Bark") is the purchaser of a defaulted, unsecured commercial

loan, guaranteed by the judgment debtor in this matter, Marc D'Ambrosio ("D'Ambrosio").

(b) Since the entry of an order denying plaintiff's request for supplemental relief, plaintiff learned that Brown Bark's judgment is improper and subject to being stricken.

(c) Brown Bark is not in possession of nor the holder of a promissory note which would provide Brown Bark with standing to initiate proceedings against D'Ambrosio. Accordingly, Brown Bark was not lawfully entitled to notice of sheriff's sale under Pennsylvania Rule of Civil Procedure 3129 and it is inequitable to permit Brown Bark to therefore obtain a windfall to which it is not lawfully entitled.

4. There is no dispute that even if Brown Bark had notice of the sheriff's sale, it would not have bid on the property at the time of the sale since the bank's prior judgment in mortgage foreclosure exceeded the fair market value of the property.

5. Aurora held a judgment in foreclosure in the approximate amount of $70,000.00 and the fair market value of the 28th Street property was only $42,000.00. Consequently, no junior lien holders with notice of the sale bid on the property. Likewise, if Brown Bark had notice, it too would not have offered a bid.

6. Permitting Brown Bark's judgment (which is approximately $112,000.00) to survive as a lien operates to provide Brown Bark a windfall to the detriment of the foreclosing mortgagee.

7. Brown Bark's judgment is defective. There is no promissory note or any document assigning or transferring any obligation that U.S. Mortgage had with National City to Brown Bark. It is necessary for a creditor to hold the note before it may commence proceedings. *U.S. Bank N.A. v. Mallory*, 982 A.2d 986 (Pa. Super. 2009). Brown Bark was not a holder let alone a holder in due course permitted to enter judgment. 13 Pa.C.S.A. §3302. Absent the proper endorsement or transfer of the promissory note which Brown Bark alleges to have entered judgment, Brown Bark lacks standing to enforce any obligations of National City.

## DISCUSSION

Plaintiff's petition for correction of defective execution pursuant to rule 3135(b) and for supplement relief in aid of execution pursuant to Pa.R.C.P. 3118 has been properly denied. It should be noted from the outset that several of plaintiff's allegations of error were not part of the original petition and are being raised now for the first time. In ¶3 of its statement of errors, plaintiff alleges it was error for this court to not consider recently acquired information, which created equitable grounds to grant plaintiff's motion (statement of errors at ¶3) (emphasis added).

The court in *First E. Bank, N.A. v. Campstead, Inc.*, 637 A.2d 1364 (Pa. Super. 1994), stated the basic rule for notice requirements in such circumstances:

The notice requirements of Pa.R.C.P. 3129.1, 3129.2, and 3129.3 were intended to protect fundamental rights of due process by insuring that persons with an interest in real estate would receive adequate notice before being deprived of their property. Cf.

*Meritor Mortgage Corp. East v. Henderson*, 617 A.2d 1323,1325-1326 (Pa.Super. 1992); *Scott v. Adal Corp.*, 509 A.2d 1279, 1285 (Pa.Super. 1986), allocatur denied, 514 Pa. 643, 523 A.2d 1132 (1987). Because notice is "the most basic requirement of due process, [it] must 'be reasonably calculated to inform interested parties of the pending action, and the information necessary to provide an opportunity to present objections. The form of notice required depends on what is reasonable considering the interests at stake and the burdens of providing notice.'" *Noetzel v. Glasgow, Inc.*, 338 Pa.Super. 458, 469, 487 A.2d 1372, 1377 (1985), citing *Pennsylvania Coal Mining Assoc. v. Insurance Dept.*, 471 Pa. 437, 452-453, 370 A.2d 685, 692-693 (1977). *First E. Bank* at 245-46.

Plaintiff's first allegation of error is that this court committed an error of law and abused its discretion by not confirming the April 6, 2010 sheriff's sale and divesting Brown Bark from its interest in the property pursuant to Pa.R.C.P. 3118. That rule does not require this court to confirm sheriff's sales that admittedly had defective notice to a lienholder. This is especially true when the junior lienholder's judgment was recorded over eight (8) months before default was entered in this case and over one year before the sheriff's sale took place.

The second allegation of error was that this court failed to schedule an evidentiary hearing. No such hearing was requested and no such rule is currently given as the basis for such a hearing. An evidentiary hearing is unnecessary because by plaintiff's own admission, there was no proper notice to Brown Bark. Therefore, an evidentiary hearing would merely supply this court with information it already possessed.

The third and seventh allegations of error are based on recently acquired information and were not included in plaintiff's original petition. It also seeks to attack Brown Bark's judgment for the first time. This court cannot be found to have abused its discretion or to have committed an error of law when it did not consider information that was never put before it for consideration. Plaintiff has discovered information which it believes shows that Brown Bark's judgment is improper or defective. However, that judgment has not been formally attacked and still stands as a valid judgment. More importantly, this information was not included in plaintiff's petition. The information is outside the record and is not a valid basis for reversing this court's order. Therefore, this court was unable to review it before properly denying plaintiff's petition.

The fourth and fifth allegations of error are related and assert there is no dispute that Brown Bark would not have bid on the property even if it had received proper notice of the sheriff's sale. In response to that same allegation in plaintiff's petition, Brown Bark offered this response: "Denied. As plaintiff failed to provide Brown Bark with notice of the sheriff's sale of the property, Brown Bark was denied the opportunity to bid on the property at the sheriff's sale." (Reply to petition at ¶13) It is clear that Brown Bark was not able to bid on the property because of the lack of notice.

It seems illogical and improbable that despite Brown Bark's judgment being recorded over eight (8) months before the default was entered and over a year before the sherriff's sale took place that plaintiff was completely unaware of Brown Bark's judgment on the property. It is also interesting that despite not being able to ascertain that Brown Bark held a judgment on the property that plaintiff

still claims to know that Brown Bark would not have bid on the property anyway. These allegations of error by plaintiff are unsubstantiated speculation and conjecture. Therefore, this is in dispute and plaintiff's characterization of this issue is baseless and meritless.

The sixth allegation of error asserts that Brown Bark's judgment of approximately $112,000.00 would provide it with a windfall if it was allowed to survive as a lien to the detriment of the plaintiff. This is not Brown Bark's fault. It is also not this court's fault. Had plaintiff provided Brown Bark with proper notice under Rule 3129.2, there could have been a proper sheriff's sale and perhaps the property would have been sold and would no longer be encumbered by the lien. Plaintiff cannot blame other parties for its own missteps in the foreclosure process and eventual sale of the property. The rules are made to protect interested parties from exactly what took place in this case. Plaintiff's own failure to follow the rules is not a valid basis to reverse this court's order. Plaintiff filed its petition and this appeal with unclean hands and should not receive its own windfall for such conduct.

Accordingly, for the reasons stated above, this appeal should be denied.