J-S58032-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| CONNIE GREENAWALT AND MARTIN PETRATOS | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellees | |
| v. | |
| SCOTT AND RACHEL KRISSINGER | |
| Appellants | No. 185 MDA 2015 |

Appeal from the Judgment Entered March 17, 2015
In the Court of Common Pleas of Lebanon County
Civil Division at No(s): 2012-01188

BEFORE:  GANTMAN, P.J., OLSON, J., and PLATT, J.*

MEMORANDUM BY GANTMAN, P.J.:          **FILED NOVEMBER 04, 2015**

Appellants, Scott and Rachel Krissinger, appeal from the judgment entered in the Lebanon County Court of Common Pleas in favor of Appellees, Connie Greenawalt and Martin Petratos, and against Appellants in this ejectment action.  We affirm.

The relevant facts and procedural history of this case are as follows. In December 2003, Elsa H. Peters ("Elsa") was the sole owner of 3204 Route 72, Jonestown, Lebanon County, Pennsylvania ("Jonestown Premises").  Elsa obtained a mortgage on the Jonestown Premises from Ameriquest Mortgage Company on December 23, 2003.  The mortgage was ultimately assigned to Deutsche Bank in February 2009.  Following Elsa's death in June 2009, her children, Hugh V. Peters and Sarah P. Reynolds, became the executors of

_____

*Retired Senior Judge assigned to the Superior Court.

Elsa's estate. The mortgage on the Jonestown Premises went into arrears, and Deutsche Bank filed a complaint for mortgage foreclosure against Mr. Peters and Ms. Reynolds on March 18, 2010.[1] Deutsche Bank subsequently purchased the Jonestown Premises at a sheriff's sale in 2011.

The trial court continues:

> When [Deutsche Bank] became aware that [Appellants] were residing in the residence, [the Bank] filed an Action of Ejectment against them on August 26, 2011. Judgment of Ejectment was entered [against Appellants] on February 3, 2012.
>
> On February 14, 2012, [Appellants] filed for bankruptcy. [Deutsche Bank] apparently did not wish to deal with the Bankruptcy Court. Accordingly, [the Bank] withdrew its ejectment action on March 19, 2012, and instead chose to place [Jonestown Premises] for sale. On February 10, 2012, [Deutsche Bank] sold the [Jonestown Premises] to [Appellees]. [Appellees] filed an Action in Ejectment on June 15, 2012, and moved for Summary Judgment on September 14, 2012.
>
> Because [Appellants] claimed that they did not receive adequate notice of the Mortgage Foreclosure and the Sheriff's Sale, [the court] denied [Appellees'] Motion for Summary Judgment. On March 10, 2014, [the court] held a Bench Trial on the issue of whether [Appellants] had notice of the foreclosure proceedings. On that same day, [the court] entered a verdict in favor of [Appellees] and against [Appellants], granting [Appellees] possession of the [Jonestown Premises] and damages in the amount of $7,200.00.
>
> On March 20, [2014,] [Appellants] filed a Motion for a New Trial, and on April [9, 2014,] [Appellants] appealed to the

---

[1] The record fails to tell us when Appellants took possession of the property at issue.

Superior Court. …

(Trial Court Opinion, filed December 31, 2014, at 3-4).  This Court remanded the record for disposition of Appellants' post-trial motion and quashed the appeal as premature.  The trial court subsequently denied Appellants' post-trial motion on December 31, 2014, and Appellants filed another notice of appeal on January 26, 2015.  On January 27, 2015, the court ordered Appellants to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).  Appellants filed their Rule 1925(b) statement on February 18, 2015, which the court deemed untimely.[2]

Appellant raises the following issues for our review:

> WHETHER THE [TRIAL COURT] ERRED IN DENYING [APPELLANTS'] MOTION TO DEEM CONCISE STATEMENT OF MATTERS COMPLAINED OF ON APPEAL TIMELY, OR, IN THE ALTERNATIVE, WHETHER THAT DENIAL IS OF NO INSTANT IMPORT[.]
>
> WHETHER THE [TRIAL COURT] ERRED IN DENYING [APPELLANTS'] POST-TRIAL MOTION THEREBY AFFIRMING ITS TRIAL VERDICT WHEN THERE WAS NO ACTUAL SERVICE OF THE ACTION IN FORECLOSURE OR NOTICE OF SHERIFF'S FORECLOSURE SALE[.]

(Appellants' Brief at 8).

_____

[2] Meanwhile, by order dated February 23, 2015, this Court directed Appellants to file a *praecipe* to enter judgment on the verdict.  Appellants failed to comply and, on March 17, 2015, this Court again ordered Appellants to *praecipe* for entry of judgment, or the appeal might be dismissed.  Appellants filed a response to this Court's order on March 25, 2015, which included a copy of Appellants' *praecipe* to enter judgment filed on March 17, 2015, and a copy of the docket reflecting entry of final judgment against Appellants that same day.

In their first issue, Appellants argue their Rule 1925(b) statement was timely. Appellants claim they filed their Rule 1925(b) statement within twenty-one days of January 28, 2015, the date the prothonotary entered Pa.R.C.P. 236 notice on the docket. Appellants conclude this Court should deem their Rule 1925(b) statement timely. We agree.

"Whenever a trial court orders an appellant to file a concise statement of [errors] complained of on appeal pursuant to Rule 1925(b), the appellant must comply in a timely manner." *Greater Erie Indus. Development Corp. v. Presque Isle Downs, Inc.,* 88 A.3d 222, 225 (Pa.Super. 2014) (*en banc*) (quoting *Hess v. Fox Rothschild, LLP*, 925 A.2d 798, 803 (Pa.Super. 2007)). A "failure to comply with the minimal requirements of Pa.R.A.P. 1925(b) will result in **automatic waiver** of the issues raised." *Presque, supra* at 224 (emphasis in original).

In civil cases, Rule 1925(b) requires: (1) the trial court must issue a Rule 1925(b) order directing an appellant to file a response within twenty-one days of that order; (2) the trial court must file the order with the prothonotary; (3) the prothonotary must enter the order on the docket; (4) the prothonotary must give written notice of the entry of the order to each party, pursuant to Pa.R.C.P. 236; and (5) the prothonotary must record Rule 236 notice on the docket. *See Forest Highlands Community Ass'n v. Hammer*, 879 A.2d 223, 227 (Pa.Super. 2005). "If any of the procedural steps set forth above are not complied with, [a]ppellant's failure to act in

accordance with Rule 1925(b) will not result in a waiver of the issues sought to be reviewed on appeal." *Id.* (citation omitted) (stating in civil cases, waiver for failure to comply with Rule 1925(b) order implicates notice procedure set forth in Pa.R.C.P. 236). *See* Pa.R.C.P. 236.

Here, on January 27, 2015, the court entered an order on the docket directing Appellants to file a Rule 1925(b) statement within twenty-one days. *See Forest Highlands, supra*. Nevertheless, the docket expressly indicates the prothonotary did not issue Rule 236 notice to Appellants until January 28, 2015. *See* Pa.R.C.P. 236. Appellants filed their Rule 1925(b) statement on February 18, 2015, exactly twenty-one days after Rule 236 notice was issued. Therefore, Appellants' Rule 1925(b) statement was timely filed.[3] *See Presque, supra*.

In their second issue, Appellants argue their post-trial motion should have been granted pursuant to *Meritor Mortgage Corp.-East v. Henderson*, 617 A.2d 1323 (Pa.Super. 1992). Appellants contend they did not receive actual notice of the mortgage foreclosure, and there was no credible testimony to prove otherwise. Appellants allege the testimony of George Christianson, the attorney for Mr. Peters and Ms. Reynolds, was incredible due to conflicts of interests, as Attorney Christianson had

_____

[3] Despite the trial court's determination that Appellants' Rule 1925(b) statement was untimely, and the subsequent lack of a Rule 1925(a) opinion, the court did address Appellants' notice issue in its previous opinions.

represented the mortgagor, mortgagee, and the Sheriff's department at various times throughout litigation. Appellants maintain they are entitled to a new trial because there was no testimony supporting actual personal service, and because constructive notice was invalid. Appellants conclude this Court should reverse and grant Appellants a new trial. We disagree.

Instantly, the court addressed Appellants' issue in its July 8, 2014 opinion as follows:

> Notice is a cornerstone of constitutional due process. The requirement of notice can be neither ignored nor waived. Notice is considered so important that it is considered "jurisdictional" (**See, e.g., In re Galli's Estate**, 17 A.2d 899 (Pa. 1941)) so as to sanction "collateral attacks" on what may otherwise appear to be a valid court decree. **See Brokans v. Melnick**, 569 A.2d 1373, 1376 (Pa.Super. 1989). Within the context of mortgage foreclosure proceedings, Pennsylvania has adopted a rule governing notice. That rule states:
>
> (a)  In actions involving title to, interest in, possession of, or charges or liens upon real property, original process shall be served upon the defendant in the manner provided by Rule 400 *et seq*.
>
> (b)(1)  If in an action involving an interest in real property the relief sought is possession or mortgage foreclosure, original process also shall be served upon any person not named as a party who is found in possession of the property. The sheriff shall note the service in the return.
>
> [Pa.R.C.P. 410(a),(b)(1)].
>
> The case of **Meritor Mortgage Corp.-East v. Henderson**, 617 A.2d 1323 (Pa.Super. 1992) applied Rule 410 in a context very similar to the one that is before [the

court] today. In **Meritor**, the plaintiff-bank obtained title to real estate following mortgage foreclosure litigation. After an *in rem* judgment was entered in favor of the bank, the bank then proceeded to file an ejectment action to evict persons who were living at the property. The defendants sought to defend against the ejectment by alleging that the underlying mortgage foreclosure action by which the plaintiff obtained title was void due to lack of notice. The [t]rial [c]ourt rejected the defendants' argument and enforced the plaintiff's right to possession via title. The Superior Court reversed the [t]rial [c]ourt stating:

> There remains to be considered the trial court's belief that the failure to make adequate service in the action of mortgage foreclosure could not be raised collaterally in the action of ejectment[.] … [T]he conclusive character of a judgment or decree depends not only upon the statutory grant of jurisdiction to the court pronouncing it, but upon actual jurisdiction over the persons whose rights are the subject of the investigation. Unless the court has the parties before it, by appearance or service of process, it is obvious that it cannot bind them by its adjudications[.] … If adequate notice of the foreclosure action was not given, the court lacked jurisdiction to enter judgment. It is never too late to attack a judgment for want of jurisdiction of either the subject matter or the person…. When there is no jurisdiction there is no authority to pronounce judgment.

> The appellant has alleged and has filed affidavits to support his defense that the mortgage foreclosure judgment was void for lack of jurisdiction. If this is correct, then the judgment entered in the mortgage foreclosure action can be attacked collaterally in the mortgagee's action in ejectment to recover possession of the mortgaged premises from an heir who, with permission from the remaining heirs, was and remains in possession of the mortgaged premises. When the trial court held that such a defense could not be raised in the ejectment action, it committed legal error.

*Id.* at 1325-26 (internal citations omitted).

In *Federal National Mortgage Association v. Citiano*, 834 A.2d 645 (Pa.Super. 2003), the [Superior] Court distinguished the *Meritor* decision. In *Federal National Mortgage*, notice of the Sheriff's sale was posted at the property being sold and was sent to the property by certified and regular mail. The [Superior] Court stated:

> Because appellant was originally served with notice, he should have become aware of any subsequent notice deficiency if he had exercised reasonable diligence. Appellant failed to exercise reasonable diligence when he failed to challenge the sheriff's sale directly and waited to raise the issue in the ejectment action filed against him. The conclusion of *Meritor Mortgage Corp*—that it would be unreasonable to require a party to challenge notice in an action for which it was never served notice, and, consequently, of which it was unaware—is inapplicable to a situation where a party was served and should have been aware.

*Id.* at 649.

\* \* \*

Until the March 10, 2014 Bench Trial, it was unclear whether [Appellants] received any notice of the foreclosure proceeding and the Sheriff's sale. The record now indicates that [Appellants] had notice of the existence of the mortgage foreclosure as early as March of 2010. Attorney Harry Fenton began representing [Appellants] in February of 2010. Thomas Puleo…, counsel for [Deutsche Bank] during the foreclosure proceedings, testified that [the Bank] commenced its foreclosure proceedings on March 18, 2010. Attorney George Christianson, counsel to the executors of the estate, wrote a letter to Attorney Fenton regarding the lease-purchase agreement, indicating that any agreement would have to acknowledge the mortgage foreclosure proceeding on the property. In response, Attorney Fenton wrote a letter dated April 13, 2010[,] to Attorney Christianson. [The] letter reflected

- 8 -

[Attorney Fenton's] knowledge of the mortgage foreclosure, as it included an attached proposed agreement. …

* * *

On April 14, 2010, Attorney Christianson wrote a letter to Attorney Fenton and forwarded a copy of the mortgage foreclosure to which [Attorney Christianson] had filed an answer. [Attorney Christianson] indicated in his correspondence that he did not know if "under these circumstances [Appellants] would be desirous to enter into the agreement based on the impending mortgage foreclosure." On April 15, 2010, Attorney Fenton wrote another letter to Attorney Christianson, indicating that [Attorney Fenton] was aware of the mortgage foreclosure action, and that he had referenced it in Paragraph 4 of his April 13, 2010 correspondence. [Attorney Fenton] explained that the two letters likely crossed paths in the mail.

On April 30, 2010, [Appellants] filed a Complaint against [Mr.] Peters and [Elsa's] Estate requesting specific performance of their agreement. Paragraph 12 [of the complaint] alleges that "in further breach of the Agreement, [Mr. Peters and Elsa's estate] have permitted the property to become [the] subject of a mortgage foreclosure action, filed at No: 2010-00590, thereby placing in jeopardy the right and opportunity of [Appellants] to take title." In response, Attorney Christianson wrote a letter. In the letter, Attorney Christianson indicate[d] that the impending Sheriff's Sale would not allow time for [Appellants] to complete their financing. [Attorney Christianson] then [gave] notice to [Appellants] that the [executors of Elsa's estate] were willing to sell the property to [Appellants] for the contracted price if settlement could be held before the execution sale. Thereafter, in May of 2010, [Deutsche Bank] was served with a notice of the *Lis Pendens* filed by Attorney Fenton.

On August 11, 2010, an Order for Judgment was issued in favor of [Deutsche Bank] in the sum of $183,782.06. [Appellants] were listed in the Affidavit of individuals to

which notice of the foreclosure proceeding must be sent. Shortly after judgment was entered, Attorney Fenton wrote a letter to [Appellants] indicating that judgment had been entered in the foreclosure action. This letter included a copy of the judgment.

[Attorney Puleo] testified that on August 16, 2010, [Deutsche Bank] sent [Appellants] Notice of the Sheriff's Sale. The notice indicated that the Sheriff's Sale would occur on October 12, 2010. Attorney Fenton wrote a letter to [Appellants] on September 3, 2010, enclosing a notice of the Sheriff's sale. The parties were again served notice by [Deutsche Bank] on September 8, 2010[,] because the date listed in the prior notice was incorrect. The new notice indicated to [Appellants] that the Sheriff's sale would take place on December 13, 2010. … Notice was also sent directly to the [Jonestown Premises] to any "tenants and occupants" of that address. [Appellants] were living at the [Jonestown Premises] at this time, and would have therefore received this correspondence.

In addition to these mailings, Sheriff David A. Heath [("Heath")] posted notice of the Sheriff's sale on the [Jonestown Premises] on August 27, 2010, and again on October 11, 2010, indicating the corrected date of December 13, 2010. [Heath] testified that he usually posts the notice on the front door or a large glass window where the notice is visible.

[Attorney Puleo] provided [the] [c]ourt with evidence that these notices were actually sent to [Appellants] and Attorney Fenton. Exhibit 20 represents the Certificate of Service and the stamped postal certification for all of the mailings that were sent to announce the Sheriff's sale. Page 2 of Exhibit 20 certifies that the notice of the December [13], 2010 Sheriff's sale was indeed postmarked on September 13, 2010[,] and sent to [Appellants]. [Appellants] were not given notice by personal service because [Deutsche Bank] was only required to provide them with notice by ordinary mail.

* * *

After a review of this timeline, it is clear…that [Deutsche

- 10 -

Bank] followed all necessary protocol and gave [Appellants] ample notice and time to intervene in the foreclosure proceedings. [Deutsche Bank] received the Notice of *Lis Pendens* a month after they commenced foreclosure proceedings. [Deutsche Bank] thereafter provided notice of the mortgage foreclosure to Attorney Fenton and posted similar notice on the [Jonestown Premises]. [Appellants] received a letter from Attorney Fenton notifying them of the mortgage foreclosure. Thereafter, [Deutsche Bank] served [Appellants] with notice of the Sheriff's sale and posted similar notice on the [Jonestown Premises]. [Deutsche Bank] even mailed a copy of the notice directly to the [Jonestown Premises], where [Appellants] were living. Thereafter, the Sheriffs duly announced the two continuances to the Sheriff's sale.

Just as [Appellants] argued that [Deutsche Bank] was on constructive notice of their interest in the property, [Appellants] were clearly on actual notice of the foreclosure proceeding and subsequent Sheriff's sale, yet they chose to do nothing about it. [Appellants] made no attempt to pay the arrears and make the mortgage current so as to prevent foreclosure. [Appellants] wrote a letter to [Deutsche Bank] on April 12, 2011—the day of the Sheriff's sale—indicating their interest in purchasing the [Jonestown Premises]. However, [Appellants] did not appear at the Sheriff's sale, and they failed to communicate any further interest in purchasing the property for almost a year until it was purchased by [Appellees].

(Trial Court Opinion, filed July 8, 2014, at 7-16) (citations to record omitted). Furthermore, the court disposed of Appellants' claim regarding Attorney Christianson's alleged conflicts of interest as follows:

First, it presupposes that [the court] completely ignored the multiple roles that [Attorney Christianson] played in [this] case. That is simply not so. [The court] considered all testimony, including the fact that [Attorney Christianson] represented multiple parties related to the dispute…. Second, and more important, the fact that [Attorney Christianson] represented multiple parties did

- 11 -

not, by itself, cause [the court] to rule in [Appellants'] favor regarding the issue of notice. To the contrary, the evidence that [Appellants] had notice was overwhelming and was based upon witnesses and evidence that far transcended what [Attorney Christianson] alone represented. Third, [the court] view[ed] [Attorney Christianson's] purported conflict of interest as an issue that could impact his credibility and not the admissibility of his testimony. [Fourth] and finally, [the court] note[s] that [Attorney Christianson] was listed as a witness in [Appellees'] Pre-Trial Memorandum. At no time before or during trial did [Appellants] object to [Attorney Christianson's] testimony based upon a conflict of interest. Therefore, [the] [c]ourt was not given the opportunity to rule that [Attorney Christianson's] testimony should have been excluded based upon conflict of interest. For all of these reasons, [Appellants] waived their right to pursue the objection they are now arguing via their appeal.

(Trial Court Opinion, December 31, 2014, at 10-11). The record supports the court's reasoning and conclusions. Therefore, Appellants are not entitled to relief. Accordingly, we affirm.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>11/4/2015</u>

- 12 -