J-A32036-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| NEWMAN PROPERTIES LLC | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| ERICH J. HUY, JOHN H. HUY, AND JACKALINE T. HUY | |
| APPEAL OF: JOHN H. HUY AND JACKALINE T. HUY | No. 134 WDA 2015 |

Appeal from the Judgment Entered December 26, 2014
In the Court of Common Pleas of Butler County
Civil Division at Nos: 2013-10888 and 2014-22234

BEFORE: SHOGAN, OTT, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED FEBRUARY 19, 2016**

Appellants, John H. Huy ("John") and Jackaline T. Huy ("Jackaline" and, collectively with John, "Appellants") appeal from the December 26, 2014 judgment for possession in favor of Newman Properties, LLC ("Newman") in Newman's ejectment action against Appellants and Erich T. Huy ("Erich"). We affirm.

The underlying facts are not in dispute. On November 25, 1987, Appellants, husband and wife, conveyed to Erich, their son, a fee simple interest in property located at 120 Tollgate Road, Zelienople, Butler County ("the Property"). In 2005, Erich mortgaged the Property. Erich defaulted on the loan payments, and in October of 2010, BAC Home Loans Servicing, LP ("BAC") commenced a foreclosure action against Erich. On October 26,

2010, the Butler County Sheriff's office served notice of the foreclosure action on Erich at the Property. The sheriff's return of service does not indicate any other person found in possession of the property on that date. The trial court entered a judgment *in rem* in favor of BAC on August 2, 2011. On July 12, 2012 the sheriff posted notice of execution at the Property. On July 18, 2012, the sheriff served a writ of execution on Jackaline at the Property. Newman purchased the Property at a May 15, 2013 sheriff's sale and shortly thereafter commenced this action in ejectment.

In this ejectment action, Appellants lodged a collateral attack against the underlying judgment in foreclosure. They argue the sheriff's service of process in the foreclosure action was improper because Appellants, at all relevant times, were in possession of the Property. Accordingly, they argue that Rule 410(b) of the Pennsylvania Rules of Civil Procedure required the sheriff to serve notice of the foreclosure action on them. Rule 410 provides, in pertinent part, as follows:

> (a) In actions involving title to, interest in, possession of, or charges or liens upon real property, original process shall be served upon the defendant in the manner provided by Rule 400 et seq.

> (b)(1) If in an action involving an interest in real property the relief sought is possession or mortgage foreclosure, **original process** also shall be served upon any person not named as a party who is found in possession of the property. The sheriff shall note the service in the return.

> (2) If the relief sought is possession, the person so served shall thereupon become a defendant in the action. Upon

praecipe of the plaintiff the prothonotary shall index the name of the person found in possession as a party to the action.

(3) If the relief sought is mortgage foreclosure, the person so served shall not thereby become a party to the action.

Pa.R.C.P. No. 410 (emphasis added).

The trial court rejected Appellants' argument, concluding the sheriff's service of original process in the foreclosure action on Erich was sufficient, inasmuch as Erich was the mortgagor and the sheriff found Erich in possession of the property. The trial court granted Newman's motion for summary judgment[1] on December 23, 2014 and entered a judgment in possession in favor of Newman on December 26, 2014. This timely appeal followed.

Appellants argue that sheriff's improper service deprived them of notice and due process in connection with the underlying foreclosure action. "[S]ummary judgment is appropriate only in those cases where the record clearly demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Summers v. Certainteed Corp.*, 997 A.2d 1152, 1159 (Pa. 2010). "[T]he issue as to whether there are no genuine issues as to any material fact presents a question of law, and therefore, on that question our standard of review is *de novo.*" *Id.*

---

[1] See Pa.R.C.P. 1035.2.

Appellants argue, based on the sheriff's July 18, 2012 service of the writ of execution on Jackaline, that the mortgagee had actual or constructive notice of persons other than Erich in possession of the house. According to Appellants, the trial court had no jurisdiction to enter the judgment in foreclosure because the mortgagee failed to serve persons found in possession of the house in accord with Rule 410(b)(1). Appellants cite ***Meritor Mortg. Corp.-East v. Henderson***, 617 A.2d 1323 (Pa. Super. 1992) as authority for lodging a collateral attack on a judgment in foreclosure during an ejectment action. We conclude Appellants' argument ignores the plain language of Rule 410,[2] and that their reliance on ***Henderson*** is misplaced.

Rule 410(a) requires service of **original** process on the defendant in accordance with service procedures set forth in Rule 400, *et seq.* Pa.R.C.P. 400(a). The mortgagee plainly complied with Rule 400(a) inasmuch as the sheriff served original process on Erich, the mortgagor, in person at the Property on October 26, 2010. The record does not reflect any other person found in possession of the Property as of that date. Rule 410(b)(1), which by its own terms applies to "original process," is therefore irrelevant. Jackaline's presence during service of the writ of execution did not alter the

---

[2] **See** 1 Pa.C.S.A. § 1921(b) ("When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit."). 1 Pa.C.S.A. § 1921(b).

requirements for service of original process, which had long since been completed. Appellants' argument to the contrary is misplaced. In summary, the mortgagee complied precisely with the letter of Rule 410 by serving original process on Erich at the Property—where he was the only person found in possession at the time.[3] Appellants' argument under Rule 410 fails.

Next, we consider Appellants' reliance on **Henderson**. There, the mortgagee bank, which also purchased the property at sheriff's sale, sought to eject the mortgagor's heir in possession of the real estate. **Henderson**, 617 A.2d at 1324. The mortgagor's son took possession of her residence after the mortgagor died intestate. **Id.** The son made several mortgage payments but eventually defaulted. **Id.** Upon filing the foreclosure complaint, the mortgagee instructed the sheriff to serve the mortgagor at her last known address. **Id.** The sheriff served the mortgagor's niece, but that service did not take place at the subject property. **Id.** The sheriff never served the mortgagor's son, never served any other individual found in possession of the subject property, and never posted a notice at the subject property. **Id.** at 1324-25. The record was unclear as to whether the mortgagee was aware of the mortgagor's death. **Id.** at 1325.

---

[3] Even if the sheriff found Appellants in possession of the Property on October 26, 2010, they would not have become parties to the foreclosure action. Pa.R.C.P. 410(b)(3). Erich was the sole owner of the Property in fee simple, and the mortgage was in his name.

This Court deemed the mortgagee's total failure to comply with Rule 410 inexplicable. *Id.* We further concluded that the failure to serve any person in possession of the property and/or post a notice at the property rendered the judgment in foreclosure invalid because the trial court never obtained jurisdiction over the person or persons whose rights were at stake. *Id.* at 1325-26. The *Henderson* Court noted, "it is never too late to attack a judgment for want of jurisdiction of either the subject matter or the person[.]" *Id.* at 1326. The son's collateral attack, during the ejectment proceeding, on the judgment in foreclosure was appropriate in light of the foreclosure court's lack of jurisdiction. *Id.*

In *Federal Nat'l Mortg. Ass'n v. Citiano*, 834 A.2d 645 (Pa. Super. 2003), *appeal denied*, 847 A.2d 1286 (Pa. 2004), we recognized the limits of *Henderson*. In *Citiano*, the mortgagors challenged the validity of the sheriff's sale during the purchaser's ejectment action. Specifically, the mortgagors argued the mortgagee failed to provide proper notice of the sheriff's sale. *Id.* at 647. This Court concluded that the mortgagors were on notice of the sale and should have challenged the sale directly, rather than lodging a collateral attack during the ejectment proceeding. *Id.* at 648. The *Citiano* Court distinguished *Henderson*, noting, "Unlike [the mortgagor in *Henderson*], appellant cannot allege that he was absolutely deprived of notice of the underlying foreclosure or sheriff's sale." *Id.* at 649. The mortgagors' therefore "failed to exercise reasonable diligence

- 6 -

when [they] failed to challenge the sheriff's sale directly and waited to raise the issue in the ejectment action[.]" *Id.*

Appellants' reliance on **Henderson** is unavailing because the mortgagee in **Henderson** completely failed to serve original process in the foreclosure action. Instantly, the mortgagee served Erich, the mortgagor and only person found in possession, at the Property. The trial court therefore had jurisdiction over the foreclosure action. Furthermore, Jackaline was present at the Property to accept service of the writ of execution. The sheriff posted notice of the execution at the Property, thus putting John on notice if he lived there. Despite this, Appellants never petitioned to open or strike the judgment in foreclosure, nor did they attempt to prevent or set aside the sheriff's sale. Pursuant to **Citiano**, Appellant's collateral challenge to the judgment in foreclosure during this ejectment action is procedurally improper and patently untimely.

For all of the foregoing reasons, we affirm the judgment.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>2/19/2016</u>