

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-2-2009

# Manu v. Natl City Bank IN

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2840

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Manu v. Natl City Bank IN" (2009). *2009 Decisions*. Paper 1593.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1593

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

—————

No. 08-2840

—————

AGNES MANU,

v.

NATIONAL CITY BANK OF INDIANA,
d/b/a NATIONAL CITY LOAN SERVICES, INC.;
NATIONAL CITY CORPORATION;
FIRST FRANKLIN FINANCIAL CORPORATION,
d/b/a FIRST FRANKLIN LOAN SERVICES;
RALPH ORSINI; HOME LOAN SERVICES, INC.,

Agnes Manu; Steve Atuahene, Appellants

(Pursuant to F.R.A.P. 12(a))

—————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 07-cv-03611)
District Judge:  Honorable Anita B. Brody

—————

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 13, 2009

Before: BARRY, SMITH and GARTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 2, 2009)

—————

OPINION

—————

PER CURIAM

Agnes Manu and Steve Atuahene appeal the District Court's orders denying his motion to intervene and her motion for a preliminary injunction. We will affirm.[1]

In June 2006, appellee National City Bank of Indiana filed a complaint in foreclosure against appellant Agnes Manu in the Court of Common Pleas of Philadelphia. In May 2007, the Court of Common Pleas granted appellee's motion for summary judgment and entered a foreclosure judgment. Manu appealed to the Superior Court of Pennsylvania. In December 2007 and August 2008, the Superior Court denied Manu's motions to enjoin the sheriff's sale.

In August 2007, Manu filed a complaint and a motion for a TRO and preliminary injunction to stop the foreclosure in the District Court for the Eastern District of Pennsylvania. On September 24, 2007, Manu's husband, Steve Atuahene a/k/a Steve Frempong,[2] filed a motion to intervene which the District Court denied. A few months later, Atuahene filed another motion to intervene. On January 8, 2008, the District Court denied Manu's motion for a TRO or preliminary injunction. On May 21, 2008, the District Court denied the motion to intervene. On June 20, 2008, Manu and Atuahene

---

[1]A sheriff's sale of the property was scheduled for September 9, 2008. Atuahene sought to intervene to stop the foreclosure sale but his motion was denied. He then filed an emergency motion to prevent the property from being sold at foreclosure. That motion was denied on September 5, 2008. We do no know whether the property has been sold, and the briefs of the parties do not address those facts or what their effect would be on the present appeal. Under these circumstances, we do no address this issue, and affirm for the reasons stated in the instant opinion.

[2] Frempong was enjoined by the District Court for the Eastern District of Pennsylvania in 2001 from filing lawsuits without prior permission.

filed a notice of appeal from the District Court's January 8th and May 21st orders.

We lack jurisdiction over the appeal from the District Court's January 8th order denying Manu's motion for a preliminary injunction because the notice of appeal was not filed within thirty days of the entry of the order. Fed. R. App. P. 4(a)(1)(A). We do have jurisdiction over the District Court's order denying the motion to intervene as a matter of right. United States v. Alcan Aluminum, Inc., 25 F.3d 1174, 1179 (3d Cir. 1994).

Atuahene moved to intervene as a matter of right under Fed. R. Civ. P. 24(a)(2). We review the denial of such a motion for an abuse of discretion and will reverse only if the District Court "has applied an improper legal standard or reached a decision we are confident is incorrect." Alcan Aluminum, Inc., 25 F.3d at 1179. Under Rule 24(a)(2), the District Court must permit a party to intervene when he "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." A litigant seeking to intervene under Rule 24(a)(2) must establish

> 1) a timely application for leave to intervene, 2) a sufficient interest in the underlying litigation, 3) a threat that the interest will be impaired or affected by the disposition of the underlying action, and 4) that the existing parties to the action do not adequately represent the prospective intervenor's interests.

Liberty Mut. Ins. Co. v. Treesale, Inc., 416 F.3d 216, 220 (3d Cir. 2005). The District Court noted that Atuahene was not a party to the note or mortgage and denied the motion to intervene on the ground that Atuahene's interest was insufficient to warrant

intervention.  We agree.

Atuahene argued that he has an interest in the property as Manu's husband. However, he has not shown that his wife will not adequately represent any such shared interest.  He further asserted that his company, DaKa Info System Corp., (DaKa) put a junior mortgage on the property in 2004.  However, it appears that this mortgage was not recorded until over two years later on June 12, 2006, shortly before the foreclosure proceeding was filed.  Atuahene asserted that DaKa then transferred part of its mortgage interest to him and Global Realty (Global).  However, this transfer was not recorded until November 8, 2007, after the foreclosure judgment had been entered.  Manu also purportedly transferred two percent of her interest in the property to Global in November 2007.  Atuahene asserted that Global has an equity interest in the property and it filed for bankruptcy in January 2008.  Thus, it appears that the companies' alleged interests in the property were created in bad faith in order to frustrate the scheduled sheriff's sales.  In fact, the United States Bankruptcy Court for the Eastern District of Pennsylvania found that Global's bankruptcy petition was filed in bad faith.  Moreover, to the extent that DaKa and Global have any interest in the property, Atuahene cannot represent the companies' interest because he is not an attorney.  Rowland v. California Men's Colony, 506 U.S. 194, 201-02 (1993)("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel.  As the courts have recognized, the rationale for that rule applies equally to all artificial entities.") The District Court did not abuse its discretion in denying Atuahene's motion to intervene

4

as a matter of right.

Because Atuahene does not have any interest in the litigation, the District Court did not violate his constitutional rights when it denied his motion to intervene or file a complaint. Atuahene argues that the modified filing injunction entered against him in 2001 does not apply to motions to intervene. We disagree. The injunction prohibits Atuahene from filing a new proceeding in the District Court. Atuahene may not circumvent the injunction against his filing new cases without permission by seeking intervention in cases brought by another party.

For the above reasons, we will affirm the District Court's May 21, 2008 order.