NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3950
_____

STEVE A. FREMPONG,

Appellant,

v.

NATIONAL CITY BANK OF INDIANA;
NATIONAL CITY CORPORATION; RALPH ORSINI;
FIRST FRANKLIN FINANCIAL CORPORATION,
d/b/a First Franklin Loan Services;
MERRILL LYNCH BANK & TRUST, FSB;
MERRILL LYNCH & COMPANY, INC.

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 09-cv-04515)
District Judge: Honorable C. Darnell Jones, II
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 17, 2011

Before:  SLOVITER, SMITH and GREENBERG, Circuit Judges

(Opinion filed: November 18, 2011)
_____

OPINION
_____

PER CURIAM

Appellant Steven Frempong-Atuahene ("Frempong") filed a civil rights complaint

in the Philadelphia County Court of Common Pleas in connection with a mortgage loan

transaction his wife, Agnes Manu, entered into, a loan that later was assigned to

defendant National City Bank of Indiana ("the Bank"). Frempong sought to bring the action under 42 U.S.C. §§ 1983, 1981, 1985(3) and 1986, based on the Bank's foreclosure of the property located at 7000 Woodbine Avenue in Philadelphia. Frempong alleged fraudulent misrepresentation and impairment of his property interest, among other claims, in violation of his federal constitutional civil rights. After the state court declined to stop a Sheriff's sale of the property, the property was sold at a Sheriff's sale on October 6, 2009. The state courts later refused to set aside the sale.

Meanwhile, on October 1, 2009, the defendants removed the instant civil rights action to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1331 and 1441(c). Frempong sought a remand to state court, which the District Court denied. Frempong then sought to depose corporate designees of the Bank, see Fed. R. Civ. Pro. 30(b)(6). The Bank, in response, filed a motion for a protective order, seeking to block any such depositions. In addition to arguing that the litigation was in bad faith and part of a continuing pattern of harassment, the Bank also argued that Frempong was never a party to the mortgage, that he was not a co-signor on the note, and that he thus lacked standing to litigate a civil rights action in connection with the foreclosure.

Frempong opposed the Bank's motion for a protective order, arguing that he had an interest in the property as a husband and co-owner. The Bank replied – and documented – that Frempong was not, and never had been, the record owner of the property at 7000 Woodbine Avenue. The Bank asserted that the property, until January 5, 2010 (the date when the Sheriff's Deed was recorded with the Philadelphia Recorder of Deeds), was owned exclusively by Agnes Manu, as evidenced by the Deed.

2

On August 19, 2010, the District Court held a hearing, which both Frempong and his wife attended. Although the argument had been scheduled on the Bank's motion for a protective order, the subject of the hearing quickly turned to the issue of whether Frempong could allege an unconstitutional taking in connection with property in which he had no legal interest with respect to third parties. The District Court questioned Frempong about the facts he needed to establish in order to have standing, that is, whether he was a record owner of the property or whether he had co-signed the mortgage note. Frempong admitted that only his wife's name was on the Deed to the property; his was not. In addition, his name was not included on the mortgage note that obliged his wife to pay the mortgage on the property.[1]

Nevertheless, Frempong argued that he had standing to litigate a civil rights action based on equitable concerns. He and Manu have been married for 30 years, and he has lived in the property for 20 years. He argued that the property is "marital property" because it was acquired during the marriage, and thus he has a right, arising in equity and under Pennsylvania law, to prosecute an action relating to the foreclosure. Frempong also argued that he had made payments on the mortgage, with the full knowledge of the Bank. Counsel for the Bank then called the District Court's attention to Frempong's previous unsuccessful attempt to intervene in his wife's civil rights action in connection with the foreclosure, and our decision in that matter, Manu v. National City Bank of Indiana, 321 Fed. Appx. 173 (3d Cir. 2009).[2]

---

[1] Frempong also acknowledged that he is not an attorney.

[2] After the Bank obtained a foreclosure judgment in state court, Manu brought her own civil rights action, 42 U.S.C. § 1983, in federal court to stop the foreclosure, and Frempong filed a motion to intervene in that action, Fed. R. Civ. Pro. 24(a)(2). See Manu, 321 Fed. Appx. 173. The District Court denied Frempong's motion to intervene

At the conclusion of the hearing, the District Court ruled from the bench that Frempong lacked standing to bring a civil rights action in connection with the foreclosure of the property located at 7000 Woodbine Avenue. The court determined that, because Frempong was not an owner of the property or co-signor of the mortgage note, he had no legal right to the property with respect to actions taken by third parties. Accordingly, the court indicated that it would dismiss the case, and, in an order entered on August 31, 2010, the court did just that, dismissing the action with prejudice for lack of standing.

Frempong appeals. We have jurisdiction under 28 U.S.C. § 1291. In his brief, Frempong contends that the District Court erred in dismissing his case following oral argument on a motion for a protective order, and erred in converting the defendants' motion for a protective order into a motion to dismiss for lack of standing; that he did not have a full and fair opportunity to litigate the issue of standing; and that dismissal for lack of standing was in error under Pennsylvania law, see Wm. Penn Parking Garage, Inc. v. City of Pittsburgh, 346 A.2d 269 (Pa. 1975) (parking operators have standing to challenge tax on their patrons); School Sec. Services v. Duquesne City Sch. Dist., 851 A.2d 1007 (Pa. Commw. Ct. 2004) (trial court's sua sponte grant of judgment on the pleadings deprived contractor of full and fair opportunity to brief and argue dispositive issue of standing).

---

because he was not a party to the mortgage note and he appealed. We affirmed. We noted that, under Rule 24(a)(2), intervention must be permitted when the movant "'claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.'" Id. at 175 (quoting Fed. R. Civ. Pro. 24(a)(2)). The record showed that Frempong was not a party to the mortgage note, and he had not shown that he had any interest sufficient to warrant intervention, see id. at 175-76.

4

We will affirm. We exercise plenary review of standing issues, but we review findings of the facts underlying the District Court's determination of standing for clear error. See Goode v. City of Philadelphia, 539 F.3d 311, 316 (3d Cir. 2008). Courts are obligated to raise the issue of standing sua sponte. See FOCUS v. Allegheny County Court of Common Pleas, 75 F.3d 834, 838 (3d Cir. 1996) (courts have independent obligation to ensure that federal jurisdiction is present). The party invoking federal jurisdiction bears the burden of establishing the elements of standing. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992).

In a related context, we have held that, "[w]hen a District Court decides to convert a motion to dismiss into a motion for summary judgment, it must provide the parties reasonable opportunity to present all material relevant to a summary judgment motion." In re: Rockefeller Center Properties, Inc. Securities Litigation, 184 F.3d 280, 287-88 (3d Cir. 1999) (internal quotations removed). "The parties can take advantage of this opportunity only if they have 'notice of the conversion.'" Id. (quoting Rose v. Bartle, 871 F.2d 331, 340 (3d Cir. 1989). Assuming that Frempong thus was entitled to notice that his case was subject to dismissal for lack of standing, and an opportunity to respond, we conclude that he had the required notice, and was not denied a full and fair opportunity to argue the issue of standing. The issue of standing was raised by the Bank as one of the bases for its motion for a protective order. In his response in opposition to the motion, Frempong specifically addressed the issue and denied the Bank's allegation that he lacked standing. He also claimed to be the true owner of the property and to have brought the civil rights action to protect his property interests. Moreover, he challenged

5

the Bank to cite authority for its position that his equitable arguments did not establish his standing to bring the civil rights action.

In addition, the District Court's order scheduling oral argument directed the parties to be "prepared to discuss, inter alia, the specifics of the pending Motion." See District Court Order, 7/22/10, Docket Entry # 23. Those "specifics" obviously included the issue of standing. Furthermore, at oral argument, the District Court gave Frempong every opportunity to establish facts that would support his claim of a legal interest in the property with respect to third parties. The fact that Frempong could not deny that he was never an owner of the property and that he was not a co-signor of the mortgage note, was not due to a lack of preparation; rather, it was due to the reality of his arrangement with his wife.

In School Sec. Services, 851 A.2d 1007, which Frempong has cited in his brief, the issue of standing was not raised in the defendants' motion in limine, but, instead, was raised by the court sua sponte during oral argument. See id. at 1011. For that reason, the state court held that the plaintiff did not have a full and fair opportunity to brief and argue the issue of standing. Here, in contrast, the record shows just the opposite: that the issue was raised and fully briefed by both parties prior to oral argument. Frempong was not surprised when standing became the dispositive issue at oral argument, nor was he unprepared to address it. Accordingly, the District Court did not err in deciding the issue of standing following oral argument on the motion for a protective order. Cf. FOCUS, 75 F.3d at 838 (courts are obligated to raise the issue of standing sua sponte).

As to the merits of the standing issue, we conclude that the District Court properly determined that Frempong lacked standing to bring a civil rights action under section

6

1983 in connection with the property located at 7000 Woodbine Avenue. "Constitutional standing requires (1) injury-in-fact, which is an invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical; (2) a causal connection between the injury and the conduct complained of; and (3) it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Danvers Motor Co., Inc. v. Ford Motor Co., 432 F.3d 286, 291 (3d Cir. 2005) (citing Lujan, 504 U.S. at 560-61).

As the District Court concluded, Frempong suffered no "injury-in-fact" because he had no legally protected interest in the property with respect to third parties. The record, without a doubt, establishes that Frempong has never been an owner of the property, that his name is not on the Deed, and that he did not co-sign the mortgage note. His claim that he has been deprived of his constitutional property rights derives from his assertion that the property is "marital property," and that he has lived there with his wife and sometimes paid the mortgage, but Frempong has confused the concept of marital property subject to equitable distribution in the event of a divorce, with the rights of a third-party creditor (here, the Bank) to enforce an obligation incurred by his wife. Assuming the property is marital property, that "status" has legal effect only as between Frempong and his wife.

Wm. Penn Parking Garage, Inc., 346 A.2d 269, which holds that, to meet the standing requirement, a plaintiff's interest must be substantial, direct and immediate, see id. at 191, does not support Frempong's argument for standing even if it was controlling authority in this circuit (and it is not). This is so because Frempong had no direct interest in the property or the foreclosure action as a result of the fact that he was not

7

contractually obligated to pay the mortgage. That Frempong was indirectly affected when his wife failed to meet her mortgage obligations does not give him standing to bring his own civil rights action under the law that applies here, see Lujan, 504 U.S. at 560-61, or the state supreme court's decision in Wm. Penn Parking Garage, Inc..

The analysis of the issue of standing, is, as Frempong suggests, different from the analysis of the issue of intervention under Rule 24(a)(2), and so our previous decision in Manu, 321 Fed. Appx. 173, does not completely control the outcome of this case. But the facts underlying Frempong's claim that he has standing to bring his own civil rights action, and those that underlie his previous claim of a right to intervene in his wife's civil rights action, are the same, and thus the result is the same: Frempong is out of court. He may not pursue a civil rights action under 42 U.S.C. § 1983 in which *he* is the named plaintiff any more than he may intervene in his wife's section 1983 action.

The District Court, having determined correctly that Frempong had no colorable claim to standing, was without authority to do anything other than dismiss Frempong's civil rights action. Because Frempong lacks standing, his lack of notice argument with respect to the foreclosure action may not be addressed on the merits in this civil rights action. Last, we reject as meritless any assertion by Frempong that the District Court was biased.

For the foregoing reasons, we will affirm the order of the District Court dismissing Frempong's civil rights action for lack of standing.