**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1705
_____

AGNES MANU,

Appellant,

v.

NATIONAL CITY BANK OF INDIANA, doing
business as NATIONAL CITY LOAN SERVICES,
INC.; NATIONAL CITY CORPORATION; FIRST
FRANKLIN FINANCIAL CORPORATION, doing
business as FIRST FRANKLIN LOAN SERVICES;
RALPH ORSINI; HOME LOAN SERVICES, INC.

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 07-cv-03611)
District Judge: Honorable C. Darnell Jones, II

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 15, 2012
Before: RENDELL, FUENTES AND WEIS, Circuit Judges

(Opinion filed: March 20, 2012)
_____

OPINION
_____

1

PER CURIAM.

Appellant Agnes Manu appeals the order of the District Court dismissing her revised amended complaint with prejudice. For the following reasons, we will affirm.

Manu entered into a mortgage loan with First Franklin Financial Corporation in December 2001. The mortgage secured the property located at 7000 Woodbine Avenue in Philadelphia, Pennsylvania. Eventually, the loan was assigned to National City Bank of Indiana ("the Bank"). Manu defaulted on the mortgage by failing to make payments after March 1, 2006. On June 22, 2006, the Bank filed a Complaint in Mortgage Foreclosure in the Philadelphia County Court of Common Pleas. Manu defended against the mortgage foreclosure action by raising a number of Preliminary Objections under the state rules of civil procedure, and, when those were unsuccessful, by seeking to amend her answer to raise additional defenses. She also sought to stay the sale of her property. Eventually, the state court granted summary judgment to the Bank.

On August 30, 2007, and prior to a sheriff's sale, Manu initiated the instant civil action in the United States District Court for the Eastern District of Pennsylvania. Manu alleged that the foreclosure was invalid for a number of reasons, and that the grant of summary judgment in state court was the result of collusion and conspiracy between the Bank and court employees of the Prothonotary's Office.

Manu also appealed the state court foreclosure judgment to the Pennsylvania Superior Court, and sought to stay the sheriff's sale. The Superior Court declined to stay the sale, and the property was sold at sheriff's sale on May 5, 2009. Manu continued

2

with the appeal by filing a brief with the Superior Court. On August 21, 2009, the Superior Court quashed the appeal. The court reasoned that Manu preserved no issues for appeal because of defects in her original answer and because she did not respond in opposition to the Bank's motion for summary judgment. The state supreme court denied discretionary review on September 3, 2010. Manu later petitioned to set aside the sheriff's sale; the state trial court refused to set aside the sale.

In April 2009, Manu received permission from the District Court to file an amended complaint in her federal action. She then filed a "revised amended complaint," naming National City Bank and First Franklin Financial Corporation, among others, as defendants. In her amended complaint, Manu alleged a breach of contract, and violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605 et seq., the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, and Pennsylvania's Unfair Trade Practices Act and Consumer Protection Law, 73 Pa. Cons. Stat. Ann. § 201-3. She also alleged that the defendants discriminated against her on the basis of race, gender and nationality[1] in violation of various civil rights statutes, including 42 U.S.C. §§ 1981, 1982, 1983, 1985(3), and 1986, and she included in her amended complaint fraud and conspiracy counts, and counts for unjust enrichment and intentional infliction of emotional distress. In the main, Manu complained that she did not receive certain required notices, the Bank sent false and inaccurate information about her to credit bureaus, and her qualified written requests, see 12 U.S.C. § 2605(e)(1)(A), were improperly ignored. In ¶ 25 of her

---

[1] Manu is from the nation of Ghana in Africa.

3

revised amended complaint, she blamed state court personnel for conspiring with the defendants to enforce court procedural rules against her and cause her to lose the state court action.[2]

In October 2010, the defendants moved to dismiss the revised amended complaint, Fed. R. Civ. Pro. 12(b)(1), (6), or, in the alternative, for summary judgment, Fed. R. Civ. Pro. 56(a). They raised specific grounds for dismissal or summary judgment, including that many counts failed to state a claim for relief or warranted summary judgment; that the breach of contract, FDCPA, and state unfair trade practices counts were barred by the Rooker-Feldman doctrine, see District of Columbia Ct. of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and *res judicata*, and that certain other counts were barred by various statutes of limitation. Manu submitted a written response in opposition to the defendants' motion, arguing, among other things, that she could not have brought her current claims as counterclaims in the state court foreclosure action.

In an order entered on February 15, 2011, the District Court granted the defendants' motion and dismissed the revised amended complaint. The court concluded that Rooker-Feldman barred the complaint in its entirety. In the margin, the court noted that, in addition, many of Manu's claims also were barred by statutes of limitation, Rule 12(b)(6), and *res judicata*. Manu appeals.

---

[2] During the course of the instant civil action, Manu's husband, Steve Frempong, filed a motion to intervene, Fed. R. Civ. Pro. 24(a)(2). The District Court denied the motion because Frempong was not a party to the mortgage note. We affirmed in Manu v. National City Bank of Indiana, 321 Fed. Appx. 173, 175-76 (3d Cir. 2009).

We will affirm. We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over Rule 12(b)(1) and (6) dismissals. See In re: Kaiser Group International Inc., 399 F.3d 558, 560 (3d Cir. 2005) (Rule 12(b)(1)); Weston v. Pennsylvania, 251 F.3d 420, 425 (3d Cir. 2001) (Rule 12(b)(6)). We "are free" to affirm the judgment "on any basis which finds support in the record." Bernitsky v. United States, 620 F.2d 948, 950 (3d Cir. 1980).

Pursuant Rooker-Feldman, lower federal courts lack subject matter jurisdiction to engage in appellate review of state court determinations. See Turner v. Crawford Square Apartments III, L.P., 449 F.3d 542, 547 (3d Cir. 2006). Rooker-Feldman is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basics Industries Corp., 544 U.S. 280, 284 (2005). "[T]here are four requirements that must be met for the Rooker–Feldman doctrine to apply: (1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." Great Western Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 166 (3d Cir. 2010) (internal quotation marks and brackets removed), cert. denied, 131 S. Ct. 1798 (U.S. 2011).[3] All four

_____

[3] We note for the benefit of the parties that the phrase "inextricably intertwined," which played a significant role in our pre-Exxon Mobil application of the doctrine, "does not create an additional legal test or expand the scope of Rooker–Feldman beyond challenges to state-court judgments." Great Western Mining & Mineral Co., 615 F.3d at 166.

5

requirements are met here with respect to Manu's breach of contract count and it thus was properly dismissed pursuant to <u>Rooker</u>-<u>Feldman</u> for lack of subject matter jurisdiction, Fed. R. Civ. Pro. 12(b)(1). Her allegations that various statutes and rights were violated because the defendants threatened, and followed through with, foreclosure when they had no right to do so is nothing more than an attack on the state court judgment. These allegations were properly dismissed for lack of subject matter jurisdiction.

In all other respects, *res judicata* bars consideration of any issues that could have been raised in the foreclosure action or Manu's petition to set aside the sheriff's sale. "When a prior case has been adjudicated in a state court, federal courts are required by 28 U.S.C. § 1738 to give full faith and credit to the state judgment;" and, in doing so, a federal court applies "the same preclusion rules as would the courts of that state." <u>Edmundson v. Borough of Kennett Square</u>, 4 F.3d 186, 189 (3d Cir. 1993) (citations omitted). Under Pennsylvania law, "[a]ny final, valid judgment on the merits by a court of competent jurisdiction precludes any future suit between the parties or their privies on the same cause of action. *Res judicata* applies not only to claims actually litigated, but also to claims which could have been litigated during the first proceeding if they were part of the same cause of action." <u>Balent v. City of Wilkes–Barre</u>, 669 A.2d 309, 313 (Pa. 1995). Here, the Court of Common Pleas ruled on notice and servicing issues, and allegations regarding the timing of the assignment of the mortgage. Manu filed numerous motions and raised a host of issues in challenging the foreclosure, and, even after judgment was entered against her, she raised the same arguments again in a petition to set

6

aside the sheriff's sale. Any claim that was, or could have been, litigated in state court is barred by *res judicata* and subject to dismissal under Rule 12(b)(6).

It is true, as Manu argues in her brief on appeal, that the assertion of counterclaims is narrow under Pa. R. Civ. Pro. 1148, see Green Tree Consumer Discount Co. v. Newton, 909 A.2d 811, 815-16 (Pa. Super. Ct. 2006) (action in mortgage foreclosure is strictly an *in rem* proceeding and therefore a counterclaim for a set-off under TILA can only be asserted in an action which contemplates a personal judgment); Mellon Bank, N.A. v. Joseph, 406 A.2d 1055, 1060 (Pa. Super. Ct. 1979) (claims that arose once the mortgage was in default, and were not part of, or incident to, the creation of the mortgage itself, could not be pled as counterclaims). Under Pa. R. Civ. Pro. 1148, Manu could only raise a counterclaim that went to the existence or validity of the mortgage. See Chrysler First Business Credit Corp. v. Gourniak, 601 A.2d 338, 341 (Pa. Super. Ct. 1992).

But even if Manu could not have technically pled her claims as counterclaims, Rooker-Feldman and *res judicata* would still bar them where she could and did assert those claims as *defenses*. The allegations Manu raised in her revised amended complaint concerning improper fees and accounting, lack of notice, false credit reporting, and being treated differently because of her race, were raised as defenses in the state foreclosure action in her Preliminary Objections, motion to amend her answer, petition to set aside the sheriff's sale, and brief on appeal to the Superior Court; and they could also have been raised in a response in opposition to the Bank's motion for summary judgment had

7

she submitted one.[4]  Asserting different theories of recovery in a second lawsuit will not defeat the application of *res judicata* where the events underlying the two actions are essentially similar.  See U.S. v. Athlone Indus., Inc., 746 F.2d 977, 983-84 (3d Cir. 1984).

To the extent that Rooker-Feldman and res judicata do not bar every single one of the many counts in Manu's revised amended complaint, we agree with the District Court that there was no basis for this action to proceed.  Manu's RESPA claim under 12 U.S.C. § 2605(e)(1)(A), which requires that the servicer of a federally regulated loan respond in a timely manner to a "qualified written request" from the borrower, must have been brought within three years of when her cause of action accrued, see id. at § 2614.  Manu's federal action was initiated on August 30, 2007, and thus any claim that accrued prior to August 30, 2004 is time-barred.  To the extent that Manu made qualified written requests after August 30, 2004, and it appears that she did, the defendants are entitled to summary judgment, because they established, and Manu did not rebut, that appropriate responses were made right up until the time when the foreclosure action was filed.  See Defendants' Motion to Dismiss, or, in the Alternative, for Summary Judgment, at Exhibit "E." Summary judgment is proper where there is an insufficient evidentiary basis on which a reasonable jury could find in the non-movant's favor.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986).

---

[4]  Contrary to Manu's assertions, the state courts did not violate her First Amendment right of access to the courts by enforcing their procedural rules.

8

Manu's RESPA claims under section 2607 concerning fee splitting should have been brought within one year of when the cause of action accrued, 12 U.S.C. § 2614. The loan settled on December 22, 2001, and the note was modified on June 1, 2003. The lawsuit was not initiated until August 30, 2007, more than four years later. Manu's TILA count similarly is barred by a one-year statute of limitation, 15 U.S.C. § 1640(e), and a one-year statute of limitation also applies to Manu's FDCPA count, 15 U.S.C. § 1692k(d). The RESPA count concerning lack of notice when the servicing of the loan was transferred fails because the assignment of the mortgage transferred ownership of the mortgage; the servicing of the mortgage was not transferred. Manu also failed to establish that the statute explicitly created a private cause of action for the remainder of her RESPA counts.

Last, a motion to dismiss should be granted if the plaintiff is unable to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Manu's civil rights, statutory and common law fraud, conspiracy, unjust enrichment, and intentional infliction of emotional distress counts and theories of recovery all fail the plausibility test. Her allegations supporting these counts are vague and conclusory and wholly insufficient to support a cause of action.

For the foregoing reasons, we will affirm the order of the District Court dismissing the revised amended complaint with prejudice. Insofar as the extension appellant

9

originally requested to file her reply brief was granted in full, her second motion for an extension to file a reply brief is denied.