J-S69038-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| NATIONAL CITY BANK | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| AGNES A. MANU AND STEVE A. FREMPONG | |
| Appellants | No. 702 EDA 2014 |

Appeal from the Order Entered January 16, 2014
In the Court of Common Pleas of Philadelphia County
Civil Division at No: 3849 February Term, 2010

BEFORE:  GANTMAN, P.J., FORD ELLIOTT, P.J.E., and STABILE, J.

MEMORANDUM BY STABILE, J.:               **FILED JANUARY 16, 2015**

Appellants, Agnes A. Manu ("Manu") and Steve A. Frempong ("Frempong", and collectively with Manu, "Appellants"), appeal *pro se* from the January 16 2014 order granting summary judgment in favor of Appellee, National City Bank, and ejecting Appellants from a single-family home located at 7000 Woodbine Avenue, Philadelphia, Pennsylvania (the "Property").  We affirm.

Manu and Frempong are husband and wife, and both reside at the Property.  Manu acquired the Property in 1988, and in 2001 she obtained a $250,000 mortgage loan secured by the Property.  The original mortgagee assigned its interest in the mortgage to Appellee.  Manu is the sole record owner of the Property.  Frempong was not a party to the mortgage, nor is he

named on the deed. Manu defaulted on the mortgage in 2006, failing to make any payments after March 1, 2006. Appellee commenced a foreclosure action on June 22, 2006 and the trial court entered summary judgment in its favor on May 4, 2007. This Court quashed Appellants' appeal and the Supreme Court denied allowance of appeal.[1] Appellee was the successful bidder at an October 6, 2009 sheriff's sale, and the deed was recorded on January 5, 2010.

Despite the foregoing, Appellants have refused to vacate the Property. Appellee therefore commenced this action in ejectment on February 25, 2010. Appellants filed preliminary objections on September 20, 2010. The trial court overruled those preliminary objections on November 9, 2010, and Appellants filed an interlocutory appeal from that order. Appellants discontinued that appeal on October 31, 2011. Subsequently, Appellants filed in the trial court a petition to strike their discontinuance of the interlocutory appeal, which the trial court denied on December 14, 2011. Appellants appealed the December 14, 2011 order, and this Court quashed that appeal on March 13, 2012.

_____

[1] **Nat'l City v. Manu**, 987 A.2d 833 (Pa. Super. 2009) (unpublished memorandum), *appeal denied*, 998 A.2d 961 (Pa. 2010). Manu also challenged the foreclosure in federal court, alleging violations of various federal statutes. The federal action was unsuccessful. **Manu v. Nat'l City Bank of Indiana**, 471 F. App'x 101 (3d Cir. 2012) ("**Manu II**"). The federal opinion is non-precedential, and we cite it only because it is relevant to the procedural history of the case on appeal.

On July 9, 2012, Appellants filed a motion to strike the May 7, 2007 order granting summary judgment in favor of Appellee in the mortgage foreclosure action. The trial court denied that motion on August 10, 2012, and this Court dismissed an appeal from that order on February 25, 2013.

Finally, on November 1, 2012, Appellants filed an answer, new matter, and counterclaims to Appellee's complaint in ejectment. Appellants amended their answer, new matter, and counterclaims on December 10, 2012, after Appellee filed preliminary objections to Appellants' first answer. On January 2, 2013, Appellee filed preliminary objections to the amended answer. By order of January 28, 2013, the trial court sustained Appellee's preliminary objections to Appellants' answer, new matter, and counterclaims. The trial court permitted an amended answer, which Appellants filed on March 4, 2013. Also on that date, Appellants appealed from the order sustaining Appellee's preliminary objections. This Court quashed that appeal on June 6, 2013.

On December 4, 2013, Appellee filed a motion for summary judgment on its complaint in ejectment. Appellants answered that motion on January 6, 2014, alleging Appellee's title to the Property is void because the trial court lacked subject matter and personal jurisdiction in the underlying foreclosure action. Specifically, Appellants' alleged Appellee failed to effect proper service of process in the underlying foreclosure action. The trial

court granted Appellee's summary judgment motion on January 16, 2014. That order is presently on appeal.

Appellants raise three issues for our review:

A. Whether [Appellee] was entitled to summary judgment for possession in this ejectment action when the underlying foreclosure judgment was entered without requisite jurisdiction due to Appellee's failure to join indispensable party [Frempong] who was in possession of the [Property] at all relevant times and thus rendering [the] Sheriff's Deed void *ab initio* and a nullity?

B. Whether the Court of Common Pleas of Philadelphia County grossly erred and abused its discretion in granting Appellee's motion for summary judgment as Appellee was not entitled to said summary judgment for possession in this ejectment action where Appellants raised triable issues of fact as to the validity of Appellee's alleged title to deed of the Property and where Appellee's right was not clear and free from doubt.

C. Whether the lower court grossly erred and abused its discretion in its denial of Appellants' preliminary objections and other pre-trial motions relating to lack of service as original process and failure to join indispensable party [Frempong], thus depriving the court of at least personal jurisdiction on him and subject matter jurisdiction in this case.

Appellants' Brief at 2-3.

We will consider Appellants' arguments together, as each one asserts Appellee failed to obtain valid title to the Property in the underlying mortgage foreclosure action.

First, we note our standard for reviewing entry of summary judgment:

A reviewing court may disturb the order of the trial court only where it is established that the court committed an error of law or abused its discretion. As with all questions of law, our review is plenary.

> In evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule. Pa.R.C.P. 1035.2. The rule states that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered. Where the non-moving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. Failure of a non[-]moving party to adduce sufficient evidence on an issue essential to his case and on which it bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law. Lastly, we will view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

***Thompson v. Ginkel***, 95 A.3d 900, 904 (Pa. Super. 2014).

"Ejectment is an action filed by a plaintiff who does not possess the land but has the right to possess it, against a defendant who has actual possession." ***Billig v. Skvarla***, 853 A.2d 1042, 1049 (Pa. Super. 2004). "The purpose of an ejectment action as opposed to quiet title is not to determine the relative and respective rights of all potential title holders, but rather the immediate rights between plaintiff and defendant involved in that particular litigation." ***Id.*** at 1049-50. "The crux of an ejectment action, therefore, rests with the plaintiffs' ability to identify, by a preponderance of the evidence, [. . .] the boundaries of a parcel of land to which they are out of possession but for which they maintain paramount title." ***Id.*** at 1050-51 (citations omitted).

The facts of record establish beyond dispute that Appellee has paramount title to the Property but is not in possession because Appellants

have refused to leave. Appellee was the successful bidder at the sheriff's sale of the Property and the sheriff's deed has been recorded. Appellants do not dispute these controlling facts. Rather, Appellants challenge the validity of the final judgment and the sheriff's sale in the underlying foreclosure action. As noted above, Appellee prevailed in the mortgage foreclosure action and Manu exhausted her appeals.

Nonetheless, Appellants argue the law permits a collateral attack on the foreclosure judgment under the circumstances of this case. They rely on *Dime Sav. Bank v. Greene*, 813 A.2d 893 (Pa. Super. 2002). In *Greene*, as in this case, the mortgagor's son raised the invalidity of an underlying foreclosure and sheriff's sale as a defense in an ejectment action. Specifically, the mortgagor's son asserted the sheriff's sale was void due to the automatic stay attendant to the mortgagor's bankruptcy. *Id.* at 895. This Court rejected the argument based on lack of standing, but noted the following:

> [A]n attack on a sheriff's sale usually cannot be made in a collateral proceeding. An ejectment action is a proceeding collateral to that under which the land was sold. Thus, where it is claimed that the underlying default judgment is merely voidable, that claim will not be entertained because such a judgment cannot be reached collaterally. However, in an ejectment action it may be alleged that the judgment is void. A void decree can be attacked at any time. Where a judgment is void, the sheriff's sale which follows is a nullity. **A judgment is void when the court had no jurisdiction over the parties, or the subject matter, or the court had no power or authority to render the particular judgment.** A judgment which is void cannot support an ejectment action and may be asserted as a defense in the ejectment proceeding.

- 6 -

*Id.* (citations omitted) (emphasis added). In other words, the law permits the defendant in an ejectment action to challenge the trial court's jurisdiction in an underlying foreclosure action. As we will explain, however, Appellants cannot avail themselves of that rule in this case.

In ***Meritor Mortg. Corp. v. Henderson***, 617 A.2d 1323 (Pa. Super. 1992), the mortgagor died and her son began living in her house but failed to continue making mortgage payments. *Id.* at 1324. The mortgagee commenced a foreclosure action, but failed to post notice of the proceeding at the property or serve notice on the son, who was the party in possession. *Id.* at 1324-25. This Court held the mortgagee failed to comply with Rule 410(b)(1) of the Pennsylvania Rules of Civil Procedure. That Rule provides:

> (b)(1) If in an action involving an interest in real property the relief sought is possession or mortgage foreclosure, original process also shall be served upon any person not named as a party who is found in possession of the property. The sheriff shall note the service in the return.

Pa.R.C.P. 410(b)(1).[2] Since the mortgagee failed to give adequate notice of the foreclosure proceeding to the party in possession of the home, the trial court had no jurisdiction to enter judgment. ***Henderson***, 617 A.2d at 1326. The ***Henderson*** Court therefore vacated entry of summary judgment in favor of the mortgagee in the mortgagee's ejectment action. *Id.*

---

[2] Rule 410 was adopted in 1985 and has not been amended.

Instantly, Appellants' reliance on **Henderson** and Rule 410(b)(1) is misplaced. They argue that the trial court lacked subject matter jurisdiction in the underlying foreclosure action because Appellee failed to name Frempong as a party. Rule 410(b)(1), by its express terms, merely governs service of process. It requires service of process on a party found in possession of the real property at issue, but does not require that party to be named a defendant in the foreclosure action. Appellants do not argue that Appellee failed to serve process, and in any event the foreclosure complaint indicates that process was served at 7000 Woodbine Avenue.

Appellants also argue Appellee was required to name Frempong as a defendant pursuant to Pa.R.C.P. 1144(a)(2), because Frempong was Manu's personal representative. Rule 1144(a)(2) provides: "The plaintiff shall name as defendants [. . .] (2) the personal representative, heir or devisee of a **deceased** mortgagor[.]" Pa.R.C.P. 1144(a)(2) (emphasis added). Rule 1144(a)(2) applied in **Henderson**, as the mortgagor was deceased and the mortgagee was obligated to name a representative or heir as a party. **Henderson**, 617 A.2d at 1325. Here, however, Rule 1144(a)(2) has no application because Manu is living. Appellants' brief brazenly misquotes the Rule, omitting, among other things, the word "deceased": "Plaintiff shall name as defendants the personal representative of mortgagor." Appellants' Brief at 11. We strongly disapprove of Appellants' misrepresentation of the applicable law.

Appellants' argument that the judgment and sheriff's sale are void is entirely lacking in merit. As noted above, Frempong was not named in the mortgage documents or on the deed, and he has no discernable legal interest in the Property. Appellants fail to identify any law obligating Appellee to name Frempong as a defendant.[3]

We observe in closing that Frempong has a history of engaging in dilatory tactics similar to those Appellants have engaged in here. In **First Union Mortgage Corp. v. Frempong**, 744 A.2d 327 (Pa. Super. 1999), we described the case as follows: "This case, involving an otherwise unremarkable mortgage foreclosure action, presents a cautionary tale regarding outrageous abuse of our legal system in order to delay collection of a debt." **Id.** at 329. After defaulting on his mortgage, Frempong on several occasions removed the foreclosure action to federal court, alleging, among other things, defective service. **Id.** at 329-32. Frempong also filed for bankruptcy protection, and was eventually forbidden by the bankruptcy court from filing any further bankruptcy actions within one year of the order dismissing his bankruptcy action. **Id.** at 331-32. This Court held the trial

---

[3] Appellants also argue that Appellee was not the proper plaintiff, as the assignment of the mortgage from Appellee's predecessor in interest was incomplete as of the filing of the complaint in foreclosure. Appellants' Brief at 14-15. Assuming *arguendo* that Appellants preserved this issue in their statement of questions involved, it does not merit relief. Appellants' argument addresses Appellee's standing to bring the foreclosure action, not the trial court's subject matter jurisdiction over the action. **See JP Morgan Chase Bank, NA v. Murray**, 63 A.2d 1258, 1262-63 (Pa. Super. 2013).

court did not abuse its discretion in opening a final judgment in order to permit First Union to establish the amount of damages resulting from Frempong's dilatory tactics:

> Beyond the shadow of a doubt, equity demanded at least the opening of the judgment in this extraordinary case of abuse of our legal system. The delay and consequent expense borne by First Union were entirely chargeable to Frempong both due to his dilatory tactics and also due to the terms of the mortgage to which he had agreed. By the time the trial court had vacated its prior summary judgment, the amount stated in its original order no longer in any way reflected the costs to First Union of collecting the money owed to it, although that had been the original intent of the court in entering the order. Frempong's actions throughout this case have demonstrated utter contempt for the law. In light of his outrageous conduct, we are more than satisfied that the trial court neither erred nor abused its discretion in taking the relatively mild step of vacating its prior order and scheduling a hearing to assess First Union's actual damages.

*Id.* at 334-35.[4]

_____

[4] Likewise, in one of the federal lawsuits Manu filed against Appellee during the pendency of the underlying foreclosure action, Frempong asserted his companies had an interest in a junior mortgage on the Property. ***Manu v. Nat'l City Bank of Indiana***, 321 F. App'x 173, 175-76 (3d Cir. 2009) ("***Manu I***"). The company filed for bankruptcy protection, and Frempong sought to intervene in the federal action and delay the Sheriff's sale. ***Id.*** The Third Circuit wrote:

> Thus, it appears that the companies' alleged interests in the property were created in bad faith in order to frustrate the scheduled sheriff's sales. In fact, the United States Bankruptcy Court for the Eastern District of Pennsylvania found that [the] bankruptcy petition was filed in bad faith.

***Id.*** at 176. The Third Circuit also noted that a 2001 injunction prohibited Frempong from filing new actions in District Court, and that Frempong could

*(Footnote Continued Next Page)*

Undaunted by our prior chastisement, Frempong has engaged in similar tactics in the instant matter, albeit with his wife as the party of record in the underlying foreclosure action.

In summary, the record confirms that Appellee has paramount title to the Property and is out of possession. No genuine issue of material fact exists in this ejectment action. We therefore affirm the trial court's order entering summary judgment in Appellee's favor.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/16/2015

_(Footnote Continued)_ ————

not circumvent that action by filing a petition to intervene in an action between Manu and National City Bank. **Id.** Again, we recognize the federal opinion is not precedential. We cite it only to explain the lengthy history of the underlying foreclosure action.