J-A10036-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| 1 SOURCE PROPERTY SERVICE LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| COLLEEN SNOOK | : | |
| | : | |
| Appellant | : | No. 574 MDA 2021 |

Appeal from the Order Entered April 7, 2021
In the Court of Common Pleas of Schuylkill County
Civil Division at No(s):  S-401-2020

BEFORE:  PANELLA, P.J., KUNSELMAN, J., and KING, J.

MEMORANDUM BY KING, J.:                    **FILED AUGUST 03, 2022**

Appellant, Colleen Snook, appeals from the order entered in the Schuylkill County Court of Common Pleas, which denied Appellant's petition to stay execution of a writ of possession concerning real property.  We affirm.

In its opinion, the trial court set forth the relevant facts and procedural history of this case as follows:

> Plaintiff/Appellee 1 Source Property Service, LLC filed the instant ejectment action against [Appellant] on March 2, 2020.  In its complaint[, Appellee] alleged [Appellant] was improperly occupying real property which [Appellee] owned, and that [Appellant] was refusing to leave the premises. [Appellee] had obtained the real property via deed dated December 16, 2019 from its predecessor in title, Bank of America, N.A.  The property had been transferred to Bank of America, N.A., by sheriff's deed of September 4, 2019.
>
> On May 14, 2020[, Appellee] filed a motion for judgment on the pleadings.  The motion was denied by order of June 10, 2020 as this court noted that it was not evident whether [Appellant] had intended that a letter addressed to the

Sheriff and Prothonotary of Schuylkill County that was in the record and filed May 1, 2020 was intended to serve as an answer to the complaint, as no certificate of service indicating that [Appellee] had served the motion upon [Appellant] appeared in the record, and, as [Appellant] had until June 15, 2020 to file an answer to the complaint due to administrative orders related to the pandemic having provided for filing extensions until that date.

Thereafter, [Appellee] filed a second motion for judgment on the pleadings on June 19, 2020. The court denied the motion via order of August 6, 2020, despite the fact that [Appellant] had filed no response to the motion, as the court again noted that it was not evident whether the previously referenced letter by [Appellant] was intended to serve as an answer to the complaint. Since [Appellant] was then a *pro se* litigant[,] the court was also extending [Appellant] latitude in complying with applicable procedural rules. Consequently, [Appellant] was given twenty days to file appropriate answers to both [Appellee's] complaint and motion for judgment on the pleadings.

On August 26, 2020[, Appellant] sought a twenty day extension to file the answers "due to recent legal representation." On September 8, 2020[, Appellee] filed a third motion for judgment on the pleadings. [Appellant] did not file a timely answer as per Schuylkill County Rules of Civil Procedure (Schuylkill R.C.P. 1034(a)). Nevertheless, on October 20, 2020[,] the court entered an order giving [Appellant] twenty days to file a verified answer to the complaint and an answer to [Appellee's] motion for judgment on the pleadings. No answers were filed by [Appellant], and the court granted [Appellee's] judgment for possession of the real property on November 13, 2020.

Per the record, on November 17, 2020[, Appellant] filed a number of documents including a response to [Appellee's] motion for judgment on the pleadings and an answer to the complaint. The court was not made aware of the filings until after December 28, 2020 when [Appellant] filed a petition to strike judgment and a request for a hearing. A hearing was scheduled and held on the petition. As noted in the January 13, 2021 order which denied [Appellant's] request for relief from the entry of the judgment for possession,

[Appellant] never filed an answer setting forth facts which she verified in proper form, and her defenses all related to the mortgage foreclosure actions, the sheriff's sale, and dealings that she allegedly had with the mortgagee in that action. However, [Appellant] never claimed that jurisdiction had not been obtained over her in the mortgage foreclosure action or that she had not been served with the complaint in mortgage foreclosure which preceded the sheriff's sale and transfer of title to the mortgagee. [Appellant] has acknowledged that she was represented by counsel in the mortgage foreclosure action and that she, nevertheless, did not pursue relief in that action, including by challenging the judgment in favor of the mortgagee or the sheriff's sale and transfer of title. [Appellant] did not present a factual or legal defense to [Appellee's] ejectment action. Rather, at the January 12, 2021 hearing[, Appellant] merely referenced collateral matters directed at the mortgagee in the mortgage foreclosure action, all of which she had apparently waived in that action.

On February 9, 2021[, Appellant], then represented by counsel, filed a petition seeking injunctive relief to stay the execution of the writ of possession which would otherwise allow [Appellee] to obtain possession of its property. Due to [Appellant's] failure to specify the factual or legal grounds for the relief being sought, the court via order of February 10, 2021 granted a temporary stay of the execution but directed [Appellant] to file an amended petition specifying the alleged grounds for the relief being sought, and scheduled a hearing on the petition for February 25, 2021. Although [Appellant] requested additional time to file the amended petition, which request was granted, and [Appellant] filed the amended petition on February 18, 2021, [Appellant] and her counsel did not appear at the February 25, 2021 hearing. The court placed a call to [Appellant's] counsel at the time of the hearing in the presence of [Appellee]. Acknowledging the error in failing to appear at the hearing, [Appellant's] counsel agreed to pay the counsel fees incurred by [Appellee] for appearing, and the court continued the hearing until March 11, 2021.

On that date [Appellant] again did not raise a factual or legal argument directly related to the propriety of the execution of the writ of possession or the ejectment action. Rather,

> [Appellant] again sought to collaterally attack the judgment and sale in the mortgage foreclosure action. [Appellant] did not and has not attacked or appealed from the judgment or sheriff's sale in the mortgage foreclosure action. [Appellant] also has not filed an appeal from the final judgment entered in this ejectment action. [Appellant] has only appealed from the [April 7, 2021] order denying her request for a stay of execution, which order was entered because this court did not find that legal or equitable grounds existed in favor of [Appellant], the party against whom judgment had been entered, so to justify a stay of execution. [***See***] Pa.R.C.P. 3162.

(Trial Court Opinion, filed June 28, 2021, at 2-4). On May 7, 2021, Appellant timely filed a notice of appeal. On May 17, 2021, the court ordered Appellant to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b); and Appellant complied.

Appellant raises the following issues for our review:

> Did [Appellant] below establish the facts that she, in written submissions and oral testimony, tendered to the [c]ourt?

> If she did, do those facts entitle her to judgment in her favor under the law on which she relies, or are the facts, as the trial court writes in fn.1 to its Order of April 7, 2021, an attempt to collaterally attack in [Appellee's] action matters that occurred some years ago, and to which [Appellee] was not a party and against which [Appellant] did not appeal.

(Appellant's Brief at 1-2).

Preliminarily, we recognize that appellate briefs and reproduced records must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101. "[I]f the defects are in the brief or reproduced record of the appellant and are substantial, the appeal…may be quashed or dismissed." ***Id.*** Rule 2111 provides:

**Rule 2111. Brief of Appellant**

**(a)  General rule.**— The brief of the appellant, except as otherwise prescribed by these rules, shall consist of the following matters, separately and distinctly entitled and in the following order:

(1)    Statement of jurisdiction.

(2)    Order or other determination in question.

(3)    Statement of both the scope of review and the standard of review.

(4)    Statement of the questions involved.

(5)    Statement of the case.

(6)    Summary of argument.

(7)    Statement of the reasons to allow an appeal to challenge the discretionary aspects of a sentence, if applicable.

(8)    Argument for appellant.

(9)    A short conclusion stating the precise relief sought.

(10)   The opinions and pleadings specified in paragraphs (b) and (c) of this rule.

(11)   In the Superior Court, a copy of the statement of errors complained of on appeal, filed with the trial court pursuant to Pa.R.A.P. 1925(b), or an averment that no order requiring a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) was entered.

(12) The  certificates  of  compliance  required  by Pa.R.A.P. 127 and 2135(d).

Pa.R.A.P. 2111(a).

Regarding the argument section of an appellate brief, Rule 2119(a) states:

**Rule 2119.  Argument**

> **(a) General rule.**—The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.

Pa.R.A.P. 2119(a). Importantly, where an appellant fails to properly raise or develop her issues on appeal, or where her brief is wholly inadequate to present specific issues for review, a court will not consider the merits of the claims raised on appeal. ***Butler v. Illes***, 747 A.2d 943 (Pa.Super. 2000) (holding appellant waived claim where she failed to set forth adequate argument concerning her claim on appeal; appellant's argument lacked meaningful substance and consisted of mere conclusory statements; appellant failed to cogently explain or even tenuously assert why trial court abused its discretion or made error of law). ***See also Lackner v. Glosser***, 892 A.2d 21 (Pa.Super 2006) (explaining appellant's arguments must adhere to rules of appellate procedure, and arguments which are not appropriately developed are waived on appeal; arguments not appropriately developed include those where party has failed to cite any authority in support of contention); ***Estate of Haiko v. McGinley***, 799 A.2d 155 (Pa.Super. 2002) (stating rules of appellate procedure make clear appellant must support each question raised by discussion and analysis of pertinent authority; absent reasoned discussion of law in appellate brief, this Court's ability to provide appellate review is hampered, necessitating waiver of issue on appeal).

Instantly, Appellant's brief on appeal is woefully deficient. Appellant

- 6 -

does not provide a statement of jurisdiction, the order in question, the applicable scope and standard of review, a separate section for the statement of questions to be argued, a summary of the argument, or separate argument sections for the two questions Appellant purports to raise on appeal. *See* Pa.R.A.P. 2111(a). Additionally, Appellant does not provide a clear statement of the case in derogation of Pa.R.A.P. 2117(a)(4) (stating statement of case shall consist of closely condensed chronological statement of all facts which are necessary to be known in order to determine points in controversy, with appropriate reference in each instance to place in record where evidence substantiating fact relied on may be found). Instead, Appellant merely cites to certain exhibits to serve as the "facts" in this case.

Furthermore, Appellant's principal brief cites to only three federal regulations without any case law interpreting those regulations or cogent analysis of how they support Appellant's claim for relief. *See* Pa.R.A.P. 2119(a). Appellee's brief pointed out the various defects in Appellant's brief. In response, Appellant filed a reply brief urging this Court not to punish Appellant but only to fault counsel for the briefing defects. Appellant then supplied two relevant case citations, purporting to respond to claims made in Appellee's brief, but Appellant did not provide any pertinent explanation of those cases. Appellant subsequently sought leave to amend the reply brief to address more fully the cases cited in the original reply brief. This Court granted Appellant's request, and Appellant filed an amended reply brief. In

the amended reply brief, however, Appellant again failed to meaningfully discuss the case law relevant to this appeal.

Under these circumstances, we could quash or dismiss the appeal, or render Appellant's issues waived. *See* Pa.R.A.P. 2101; ***Lackner, supra***; ***Estate of Haiko, supra***; ***Butler, supra***. In all fairness to Appellant, however, we will address the merits of Appellant's claims raised on appeal.

On appeal, Appellant argues that the deed purporting to convey title to Appellee is null and void because the mortgagee failed to comply with various consumer protection laws governed by the Code of Federal Regulations. Appellant contends she is not trying to collaterally attack the mortgage foreclosure. Rather, Appellant insists that the deed conveyed to Appellee was void *ab initio* such that Appellee had no standing to bring the ejectment action against Appellant. We disagree.

Pennsylvania Rule of Civil Procedure 3162 provides, in pertinent part:

> **Rule 3162.    Stay of Execution.    Setting Aside Execution**
>
> \*    \*    \*
>
> **(b)** Execution may be stayed by the court as to all or any part of the property of the defendant upon its own motion or application of any party in interest showing
>
> (1)    a defect in the writ of service; or
>
> (2)    any other legal or equitable ground.

Pa.R.C.P. 3162(b).

This Court has stated:

- 8 -

[A]n attack on a sheriff's sale usually cannot be made in a collateral proceeding. An ejectment action is a proceeding collateral to that under which the land was sold. Thus, where it is claimed that the underlying default judgment is merely voidable, that claim will not be entertained because such a judgment [cannot] be reached collaterally. However, in an ejectment action it may be alleged that the judgment is void. A void decree can be attacked at any time. Where a judgment is void, the sheriff's sale which follows is a nullity. **A judgment is void when the court had no jurisdiction over the parties, or the subject matter, or the court had no power or authority to render the particular judgment**. A judgment which is void [cannot] support an ejectment action and may be asserted as a defense in the ejectment proceeding.

*Dime Sav. Bank, FSB v. Greene*, 813 A.2d 893, 895 (Pa.Super. 2002) (internal citations omitted) (emphasis added). *See also Federal Nat. Mortg. Ass'n v. Citiano*, 834 A.2d 645, 648 (Pa.Super. 2003), *appeal denied*, 577 Pa. 721, 847 A.2d 1286 (2004) (holding appellant could not collaterally attack sheriff's sale in ejectment action; defendant could not allege that he was "absolutely deprived of notice" of foreclosure and sheriff's sale, given that he had been served by certified and regular mail, and by posting on premises; thus, defendant had to raise any defect in notice by petitioning "the court to set aside the sheriff's sale at or near the time of the sale").

Instantly, the only case that Appellant cites to (but does not adequately develop) in her reply brief and amended reply brief is *Meritor Mortg. Corp.-E. v. Henderson*, 617 A.2d 1323 (Pa.Super. 1992). There, the homeowner executed a mortgage on the property but died six years later. The homeowner's son moved into the home and made several payments, but "the

mortgage eventually went into default." *Id*. at 1324. The mortgage company commenced a foreclosure action, in which "the sheriff delivered a copy of the complaint to a niece, who lived elsewhere than in the mortgaged premises." *Id.* The mortgage company never served notice on the son or posted notice of the proceeding at the property.

A panel of this Court held the mortgage company failed to comply with Pa.R.C.P. 410 (stating: "If in an action involving an interest in real property the relief sought is possession or mortgage foreclosure, original process also shall be served upon any person not named as a party who is found in possession of the property. The sheriff shall note the service in the return"). Because the mortgage company failed to give adequate notice of the foreclosure proceeding to the party in possession of the home, this Court concluded that the trial court did not have jurisdiction to enter judgment. The panel then vacated the trial court's grant of summary judgment in favor of the mortgage company in its ejectment action.

Instantly, the trial court denied Appellant's request for a stay of execution, stating: "…[Appellant] is again focused on the merits of the foreclosure action in which she had been represented by counsel, in which jurisdiction over [Appellant] has never been contested, and wherein [Appellant] did not pursue the complaints which [Appellant] has sought to raise collaterally in this ejectment action." (Trial Court Opinion at 4). The record supports the trial court's analysis.

- 10 -

Unlike in **Meritor Mortg. Corp.-E.**, Appellant does not advance a defective service argument or otherwise explain why the mortgagee's alleged failure to comply with certain federal regulations renders the sheriff's sale void, such that Appellant can collaterally attack the mortgage foreclosure at this juncture.[1] **See Dime Sav. Bank, supra**. Consequently, the trial court properly declined to grant Appellant's request for a stay of execution. **See** Pa.R.C.P. 3162(b). Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/3/2022

---

[1] In her principal brief, Appellant cites to, but does not meaningfully discuss, 12 CFR 1024.39 (early intervention requirements for certain borrowers), 12 CFR 1024.41 (loss mitigation procedures), and 12 CFR 1026.41 (periodic statements for residential mortgage loans).